MARY A. McDOUGALL vs. CITY OF BOSTON.

Suffolk. January 10. — 18, 1883. FIELD & W. ALLEN, JJ., absent.

A notice to a city, under the St. of 1877, c. 234, that a person has been injured, at a time and place named, by "an iron grating, in said sidewalk, at said place, which was defective and out of repair, and projected above the level of said sidewalk two inches or more, over the projecting part of which the plaintiff tripped and fell," is not sustained by proof that the plaintiff slipped upon a piece of smooth ice, and did not touch the grating until he lost his balance and fell upon it.

TORT for personal injuries occasioned to the plaintiff on January 29, 1881, by a defect in Porter Street in the defendant city. At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. H. Towne*, for the plaintiff.

*T. M. Babson*, for the defendant.

COLBURN, J. The notice given by the plaintiff in this case, which was a condition precedent to the right to maintain her action, *Gay* v. *Cambridge*, 128 Mass. 387, was given within thirty days of her injury, and apparently stated with sufficient accuracy the time, place, and cause of her injury, as required by the St. of 1877, c. 234. She states in her notice that the cause of her injury "was an iron grating, in said sidewalk, at said place, which was defective and out of repair, and projected above the level of said sidewalk two inches or more, over the projecting part of which the plaintiff tripped and fell." The evidence proved the existence of the defective grating, at the place described in her notice; and the defendant admitted, for the purposes of the trial, that it was a defect in the street. There was evidence, on the part of the defendant, tending to show that the plaintiff slipped upon a piece of smooth ice, and did not touch the grating until she lost her balance and fell upon it. The cause of her injury, which the statute required the plaintiff to state, was the defect or want of repair which caused her fall, and she undertook to state it; but if the evidence introduced by the defendant was believed, she had stated an entirely wrong cause. The city was not liable because the

grating was not a desirable thing to fall upon, if it in no way caused the fall. A statement in general terms, that the cause is a defect in the street, would be insufficient; *Miles* v. *Lynn*, 130 Mass. 398; but a notice stating a wrong cause would obviously be, not only of less use than a general notice, but positively misleading and injurious to the defendant. The ruling of the Superior Court, "that the plaintiff was bound by the statement in the notice as to the cause of the accident, and was limited to the defect stated therein, and that, if her foot did not come in contact with the grating at all, but the cause of her fall was the ice, she could not recover because in falling she struck the grating," was right.                          *Exceptions overruled.*