MICHAEL ROBERTS *vs.* INHABITANTS OF DOUGLAS.

Worcester. Sept. 28. — Oct. 6, 1885. FIELD & C. ALLEN, JJ., absent.

A horse was injured, while being driven on a highway, by plunging into a snow-drift. The owner gave notice in writing to the town, that the horse was injured by a defect in the highway, caused by an obstruction in the highway, which obstruction had remained there for more than forty-eight hours before the injury. *Held*, that under the St. of 1877, c. 234, § 3, as amended by the St. of 1879, c. 244, the notice did not sufficiently designate the cause of the injury.

TORT for injuries to the plaintiff's horse occasioned by a defect in a highway in the defendant town. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

It appeared by the plaintiff's evidence that his house is situated on a country road in the southerly part of the defendant town, about one third of a mile southerly from the corner of the road westerly of the Wallum Pond school-house; that between the plaintiff's house and said corner there are two other dwelling-houses; that, on January 31, 1881, he started from his

house for Worcester with a load of charcoal, and, a short distance southerly from said corner, his horses plunged into a snow-drift, and, in consequence thereof, one of his horses received the injuries complained of; that the snow-drift was about twenty rods long, and from three to four feet deep, of solid snow, and had been there for several days prior to the accident; and that, on February 15, 1881, the plaintiff's attorney served the following notice upon two of the defendant's selectmen, dated February 12, 1881, and signed by the plaintiff: "To the selectmen of the town of Douglas. You are hereby notified that I claim damage in the sum of one hundred and fifty dollars of the town of Douglas for injury to one of my horses, sustained on one of the town ways of Douglas on account of a defect in the highway, to wit, on the road between my dwelling-house and the corner of the road westerly of the Wallum Pond school-house. Said injury occurred on the thirty-first day of January last, and was caused by an obstruction in the highway, which obstruction had remained there for more than forty-eight hours next previous to said injury."

It also appeared that, within a few days after the service of the above notice, the selectmen called upon the plaintiff in reference to the matter, and the plaintiff went with them to the place of the accident, and pointed out to them the spot where his horse was injured, and explained to them how it happened. The plaintiff also offered to prove that his attorney saw the selectmen, prior to the giving of the written notice, and told them of the accident which had happened to the plaintiff, and explained to them when, where, and how it occurred.

The judge ruled that the plaintiff's evidence and the proposed evidence would not show a sufficient notice to the defendant under the statutes; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*B. W. Potter*, for the plaintiff.

*J. R. Thayer*, for the defendant.

BY THE COURT. The injury to the plaintiff happened on January 31, 1881, at which time the St. of 1877, c. 234, as amended by the St. of 1879, c. 244, was in force. Under these statutes, the notice must be in writing, must contain a statement of the time, place, and cause of the injury or damage, and

any deficiencies in it cannot be supplied by oral statements to the officers of the town.

In the case at bar, the notice does not sufficiently state the cause of the injury. It states that the injury "was caused by an obstruction in the highway." This is very little more than saying that it was caused by a defect, and conveyed no information to the officers of the town which would enable them to ascertain the locality and nature of the alleged defect. *Miles* v. *Lynn*, 130 Mass. 398. *Shea* v. *Lowell*, 132 Mass. 187.

*Exceptions overruled.*