MARY CONNERS *vs.* CITY OF LOWELL.

Middlesex.     January 10, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Highway Defect — Notice of " Place " — No Intention to mislead.*

A notice to a city stated that, on a day named, a person had been injured by a defect, consisting of an accumulation of ice and snow " on the sidewalk on the westerly side of C. Street in said city, and nearly opposite premises on the corner of C. and D. Streets, occupied by S." In an action for such injury, it appeared that the premises of S. extended from the intersection of the westerly line of C. Street with the northerly line of D. Street sixty-three and one half feet northerly on C. Street; and that there was a gutter connected with S.'s house across the sidewalk. The plaintiff's evidence tended to show that he was injured on the sidewalk on the westerly side of C. Street within a distance of seven feet next northerly of the gutter and opposite the premises of S.; and that the defect was an accumulation of ice and snow which extended about seven or eight feet in a northerly direction from the gutter. *Held,* that the notice was sufficient; and that, as the notice had no tendency to mislead the defendant, the jury might have found that the plaintiff did not intend to mislead, and that the defendant was not in fact misled thereby.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Trial in the Superior Court, before *Braley,* J., who allowed a bill of exceptions, in substance as follows.

It was admitted that the following notice was duly served on the defendant on February 3, 1891 : " Lowell, Mass., Feb. 2nd, 1891. To the City of Lowell in the County of Middlesex and Commonwealth of Massachusetts, a municipal corporation : You are hereby notified that on the tenth day of January, 1891, at ten o'clock in the evening of said day, when I was walking, in the exercise of due care, on the sidewalk on the westerly side of Central Street in said city, and nearly opposite premises on the corner of Central and Centre Streets, occupied by William B. Spalding and numbered (1) one on said Centre Street, I fell and sustained severe bodily injuries, and the fall was occasioned by the rough, uneven, hubby, and ridgy condition of said sidewalk where I fell, by reason of an accumulation of ice and snow thereon. This notice is given for the purpose of fixing the lia-

bilities of said city, as I claim compensation for injuries sustained by me as aforesaid. Mary Conners, by John J. Pickman, her Atty."

It was also admitted that Central Street was a public highway, which the defendant was bound to keep in repair, and was one of the main thoroughfares of the city, and extensively travelled by the public. The plaintiff put in evidence a plan, by which it appeared that Centre Street was thirty-four and six tenths feet wide, including the sidewalk, and leading westerly from Central Street; that the premises of Spalding, including the dwelling-house occupied by him on the corner of Central and Centre Streets, and the land connected therewith, extended from the intersection of the westerly line of Central Street with the northerly line of Centre Street sixty-three and one half feet northerly on Central Street and forty-one and two tenths feet westerly on Centre Street; that the sidewalk in front of Spalding's premises on Central Street was nine and seven tenths feet wide; and that there was a gutter connected with the dwelling-house of Spalding across the sidewalk. The plaintiff's evidence tended to show that the place where she received her injuries was on the sidewalk on the westerly side of Central Street, at some point included within a distance of seven feet next northerly of the gutter and opposite the premises of Spalding; that the defect was an accumulation of ice and snow, which extended in a northerly direction from the gutter about seven or eight feet; that the ice was from three to five inches in height at the highest place; that it was rounded at the top and in ridges of irregular shape and formation, which extended from the inside of the walk to the centre of the same; and that it had so existed for some days prior to the accident.

It was admitted that there were other premises on the westerly side of Central Street northerly of Spalding's premises, and also south of Spalding's premises on Central Street, commencing with the southerly line of Centre Street. The jury took a view of the premises.

The defendant offered no evidence, but, at the conclusion of the plaintiff's case, asked the judge to rule that, on the evidence, there was an inaccuracy in stating the place of the plaintiff's injury; that there was no evidence offered to show that there

was no intention to mislead, and the defendant was not in fact misled thereby; and that, upon all the evidence in regard to notice, the plaintiff could not recover. The judge declined to rule as requested.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. J. Hogan,* for the defendant.

*J. J. Pickman,* for the plaintiff, was not called upon.

KNOWLTON, J. The defendant excepted to the refusal of the court to take the case from the jury, on the ground that the notice was insufficient, and that there was no evidence to show that there was no intention on the part of the plaintiff to mislead, and that the defendant was not in fact misled by the notice.

The only criticism upon the notice is, that it stated the place of injury to be on the sidewalk nearly opposite the premises on the corner of Central and Centre Streets, occupied by William B. Spalding, when it was directly opposite these premises. The premises extended along the street sixty-three and one half feet. The designation of the place as on the sidewalk implied that it was not at the junction of the two streets within the limits of Centre Street, and the mention of Spalding's premises on the northerly corner indicated that the accident must have happened either opposite Spalding's estate, or very near it, farther north. The notice pointed to Spalding's premises as the nearest object by which to designate the place, and was in substance as if it had said "opposite or nearly opposite" those premises. As the length of Spalding's line was only sixty-three and one half feet, and as the evidence tended to show that there was a gutter there extending across the sidewalk and an accumulation of ice such as the notice described, we are of opinion that the notice was sufficient. *Spellman* v. *Chicopee,* 131 Mass. 443. *Lowe* v. *Clinton,* 133 Mass. 526. *McCabe* v. *Cambridge,* 134 Mass. 484.

We are also of opinion that, inasmuch as the notice had no tendency to mislead the defendant, the jury might have found that the plaintiff did not intend to mislead, and that the defendant was not in fact misled thereby. *Fortin* v. *Easthampton,* 142 Mass. 486. *Gardner* v. *Weymouth,* 155 Mass. 595.

*Exceptions overruled.*