SARAH S. FULLER *vs.* INHABITANTS OF HYDE PARK.

Norfolk.   March 21, 1894. — June 23, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Way — Due, Care of Plaintiff — Notice — Evidence.*

A notice to a town stated that a person was injured by falling "over the root of a tree on the sidewalk of Central Park Avenue." The accident in fact occurred on Hyde Park Avenue at a point near the junction of those ways. *Held*, that, in the absence of an intention to mislead, the notice, though meagre as to the

statement of the place of the injury, was not so defective as to render it invalid.

In an action against a town for injuries occasioned by a defect in the highway, the testimony of an inhabitant and taxpayer of the town, who at the time of the accident was walking with the plaintiff, that within thirty days after the accident he had conversations with the chairman of the selectmen, the superintendent of streets, and the chief of police respecting the time, place, and cause of the injury, is competent for the purpose of showing that the defendant was not misled by a notice given by the plaintiff erroneously stating that the injury was caused by his falling "over the root of a tree on the sidewalk of Central Park Avenue," when in fact the accident occurred on Hyde Park Avenue near the junction of the two ways, and, if believed by the jury, would justify them in finding that the defendant was not misled by the inaccuracy of the notice.

At the trial of an action against a town for injuries occasioned by a defect in a highway, the plaintiff testified that he was "walking along quietly" or "comfortably" on the sidewalk with two other persons, when he tripped and fell; that there was an electric light "there somewhere," but that the reason for his not seeing the object over which he fell was that he "was talking with either Mr. or Mrs. N., and my face was turned away for one thing. I might not have looked at it. Another thing, I never supposed for a moment there was anything out of the way there." On cross-examination he testified, "Had I supposed it was a dangerous place I could have seen perfectly well by looking, but supposing it was all right I did not look." He also testified that he had previously avoided the sidewalk, and had walked in the street because of the loose stones and *débris* on the sidewalk, and the fear he had of falling; but that a short time before he fell his attention had been called to the sidewalk as being in a proper condition to be walked over. *Held*, that, upon this evidence, the question of the due care of the plaintiff was properly submitted to the jury.

TORT, for personal injuries occasioned to the plaintiff by a defect in the highway of the defendant town. Answer: 1. A general denial. 2. That no notice was given by the plaintiff of the time, place, and cause of the injury, as required by law. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

It appeared that in the evening of June 6, 1891, the plaintiff, while walking on the highway, fell over the root of a tree in the westerly sidewalk of Hyde Park Avenue, at a point not far from an electric light nearly opposite Dell Avenue, and not far from the junction of Central Park Avenue and Hyde Park Avenue. The notice given by the plaintiff, dated June 12, 1891, and addressed to the selectmen of Hyde Park, stated that she "fell over the root of a tree on the sidewalk of Central Park Avenue." It was conceded at the trial that the plaintiff, in erroneously stating the place of the accident, had no intention to mislead the defendant town. For the purpose of showing that the town was

not in fact misled thereby, the plaintiff called as a witness John B. Neale, an inhabitant and taxpayer of the town, who testified that he and his wife were in company with the plaintiff at the time when she fell; that within thirty days after the plaintiff's injury he called on the chairman of the defendant's board of selectmen, showed him the root which he had pulled out of the sidewalk at the place where the plaintiff fell, and told him exactly the location of it; that within the same period he told the chief of police of the defendant town where and how the accident happened, and he also went with the superintendent of streets to the place of the accident, and called his attention to the remaining roots, some of which the superintendent then took out, and said he would have the others taken out. This evidence was admitted, subject to the defendant's objection and exception.

The plaintiff testified that she was " walking along quietly," and in another place that she was " walking along comfortably," with Mr. and Mrs. Neale, when she tripped over something and fell; that there was an electric light there somewhere, but she could not locate it, and when asked why she did not see the thing that she fell over if there was an electric light there, she replied, " I was talking with either Mr. or Mrs. Neale, and my face was turned away for one thing. I might not have looked at it. Another thing, I never supposed for a moment there was anything out of the way there." On cross-examination, she testified, " Had I supposed it was a dangerous place I could have seen perfectly well by looking, but supposing it was all right I did not look." She also testified that she had previously avoided the sidewalk, and had walked in the street because of the loose stones and *débris* on the sidewalk, and the fear she had of falling; but that a short time before she fell her attention had been called to the sidewalk as being in a proper condition to be walked over.

There was evidence from which the jury might find that the way was defective at the point where the accident occurred, and that the defect had existed for such a length of time that the jury might infer that the defendant had notice thereof, and that by the exercise of reasonable care on its part the defect might have been remedied.

At the conclusion of the plaintiff's case the defendant requested the judge to rule:

1. That upon all the evidence the action could not be maintained. 2. That there was no sufficient notice of the time, place, and cause of the injury given to the defendant town. 3. There was no evidence that the witness Neale had any authority or direction from the plaintiff to notify the defendant town or its officers of the time, place, and cause of the plaintiff's injuries. 4. A mere casual conversation by the witness Neale with any of the town officers in regard to the place of the injury was to be disregarded.

The judge instructed the jury that the written notice was not sufficient to entitle the plaintiff to maintain this action, unless she proved that the defendant was not in fact misled by the inaccuracy in stating the place where she was injured, and declined to give any of the other instructions as requested, but instructed the jury that, if they believed the testimony of Neale, they would be authorized to find that the defendant was not in fact misled by the inaccuracy in the written notice.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. E. Cotter*, for the defendant.

*C. C. Read*, for the plaintiff, was not called upon.

MORTON, J. No question is made as to the sufficiency of the notice in respect of the time and cause of the injury. It is contended that it is insufficient as to the place. The notice is meagre in that particular, but we do not think that it is so defective as to render it invalid. The place is described as on Central Park Avenue, and is further identified by the cause of the injury, which is stated as " the root of a tree on the sidewalk." It was said in *Gardner* v. *Weymouth*, 155 Mass. 595, 597, that a notice may be inaccurate through insufficiency as well as actual mistake, and that the injured party may recover if there was no intention to mislead and the inaccuracy did not in fact mislead. It is conceded that there was no intention to mislead, and we cannot say that a description of the place of the accident as on the sidewalk of a certain street where there was the root of a tree might not, if correct, be of material assistance to the authorities in investigating the claim, and determining where

the accident occurred. *Fortin* v. *Easthampton*, 142 Mass. 486.
*Gardner* v. *Weymouth*, 155 Mass. 595, 597. *Norwood* v. *Somer-
ville*, 159 Mass. 105.

The mistake in regard to the name of the street is not sur-
prising, when the nearness of the place of the accident to the
junction of the two ways and the general direction of Central
Park Avenue are considered.

The testimony of Neale was rightly admitted for the purpose
of showing that the defendant was not in fact misled by the
notice. *Norwood* v. *Somerville, ubi supra.*

The circumstances under which his conversations with the
chairman of the selectmen, the superintendent of streets, and
the chief of police took place were such as to prevent them
from being mere casual conversations, which those officers
might or might not have regarded ; and the jury were rightly
instructed that, if they believed Neale's testimony, they would
be justified in finding that the defendant was not misled by the
inaccuracy of the notice.

The defendant further contends that the plaintiff was not in
the exercise of due care. The plaintiff testified that she was
" walking along quietly," or, as she said in another place,
" walking along comfortably," on the sidewalk with Mr. and
Mrs. Neale, when she tripped over something and fell. She tes-
tified that there was an electric light " there somewhere," and,
when asked why she did not see the thing that she fell over if
there was an electric light there, replied, " I was talking with
either Mr. or Mrs. Neale, and my face was turned away for one
thing. I might not have looked at it. Another thing, I never
supposed for a moment there was anything out of the way
there." On cross-examination she said, " Had I supposed it
was a dangerous place I could have seen perfectly well by look-
ing, but supposing it was all right I did not look." She also
testified that she had previously avoided the sidewalk, and had
walked in the street because of the loose stones and *débris* on
the sidewalk and the fear she had of falling ; but that a short
time before she fell her attention had been called to the sidewalk
as being in a proper condition to be walked over. Upon this
evidence the question of the plaintiff's due care was one pre-
eminently for the jury. The plaintiff was not bound to exercise

the highest degree of care possible, but only such care as an ordinarily prudent person would have used under like circumstances. Her knowledge of the previous dangerous condition of the sidewalk was consistent, as has been frequently held, with due care on her part at the time when she was injured, especially when taken in connection with her testimony that a short time before the fall her attention had been called to the sidewalk as being in a proper condition to be walked over.

We discover no error in the rulings or instructions, or refusal to rule as requested. *Exceptions overruled.*