ELIZABETH J. NAZE *vs.* INHABITANTS OF HUDSON.

Middlesex.    October 20, 1924. — December 2; 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way*, Public: defect, statutory notice.    *Negligence*, Contributory.

A woman who fell on a sidewalk in a town and was injured caused notice to be given to the town in which she stated the following as to the cause of her injury: "Her said fall was caused by the defective condition of said sidewalk and ice having formed thereon.    The condition of the said sidewalk was such where she fell as to cause the water to accumulate thereon so as to make the place dangerous when ice formed thereon . . . ."    Afterwards she brought an action against the town and alleged in the declaration that her injury was caused by her slipping on the ice that had accumulated in a hole in a sidewalk near a stump of a tree.    The evidence at the trial tended to show that she struck her foot against the stump, which projected in the sidewalk, stumbled and fell on the ice; that soon after the accident some one for the plaintiff went with the defendant's superintendent of streets and his foreman to where it occurred, and showed them the place where he picked the plaintiff up after she fell "right beside the stump."    The trial judge ordered a verdict for the defendant.    *Held*, that

(1) Under G. L. c. 84, § 18, the notice was not invalid nor insufficient solely by reason of inaccuracy in stating the cause of the injury if there was no intention to mislead;

(2) While the burden of proof was on the plaintiff to show that there was no intention to mislead and that the defendant was not misled by the notice, the evidence warranted a finding that that burden had been sustained;

(3) There was not a variance between the notice and the evidence as to the cause of the injury;

(4) There being evidence that the injury was due partly to the projecting stump and not solely to the ice, the defendant might be held liable;

(5) Testimony by the plaintiff, that she knew of the stump and knew of the depression in the sidewalk but forgot about it and did not look for it the morning of the accident, was not necessarily a bar to recovery;

(6) The questions, whether the plaintiff was in the exercise of due care, and whether the sidewalk was unsafe for travelling and whether the defendant knew of the defective condition or ought to have known of it and remedied it, were for the jury.

TORT under G. L. c. 84, § 15, for personal injuries alleged to have been received by reason of a defect in a sidewalk of the defendant.    Writ dated June 28, 1921.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence is described in the opinion. At the close of the evidence, by order of the trial judge, a verdict was returned for the defendant and the judge reported the action to this court for determination.

*J. J. Shaughnessy,* for the plaintiff.

*R. E. Joslin,* for the defendant.

CROSBY, J. This is an action under G. L. c. 84, § 15, to recover for personal injuries received by the plaintiff by reason of falling upon a sidewalk in the defendant town. She testified that as she was going along she struck her foot against a stump and stumbled and fell on the ice; that the ice was in a hole in the sidewalk near the stump and a patch had been put over the hole; that the stump was about four or five inches higher than the sidewalk; that it was in the gravel or sand part of the sidewalk alongside the concrete; that a root of the stump ran into the edge of the concrete and raised the latter; that it was alongside the hole; that water always accumulated in this place when it rained and that sometimes after a heavy rain there were three or four inches of water in the hole; that at the time of the accident there was a little snow and ice on the walk; that she had noticed the stump and hole there before; that she did not look for it that morning and did not think about it. On redirect examination she testified that the stump was partly covered with snow which prevented her seeing it. In answer to inquiries by the presiding judge, she testified that " the tree itself was on the grass but the roots extended into the sidewalk. The stump was in on the concrete right in the edge of the sidewalk. ' I struck my foot on the stump of the tree and stumbled and fell.' "

The notice served on the defendant described the cause of her injuries as follows: " Her said fall was caused by the defective condition of said sidewalk and ice having formed thereon. The condition of the said sidewalk was such where she fell as to cause the water to accumulate thereon so as to make the place dangerous when ice formed thereon. . . . " Under G. L. c. 84, § 18, the notice is not invalid or insufficient solely by reason of any inaccuracy in stating the time, place

or cause of the injury, if there was no intention to mislead and the defendant was not in fact misled thereby. The burden of proof is on the plaintiff to show that there was no intention to mislead and that the defendant was not misled by the notice. *Bowes* v. *Boston,* 155 Mass. 344. *Tobin* v. *Brimfield,* 182 Mass. 117. *McCarthy* v. *Stoneham,* 223 Mass. 173. We are of opinion that upon the testimony and the reasonable inferences to be drawn therefrom, the jury would have been justified in finding that there was no intention on the part of the plaintiff to mislead the defendant and that it was not in fact misled. A witness called by the plaintiff testified that soon after the accident he went with the defendant's superintendent of streets and his foreman to where it occurred, and showed them the place where he picked the plaintiff up after she fell " right beside the stump." A verdict for the defendant could not rightly have been directed on the ground that the notice was insufficient. *Conners* v. *Lowell,* 158 Mass. 336. *Fuller* v. *Hyde Park,* 162 Mass. 51. *Carberry* v. *Sharon,* 166 Mass. 32. *Winship* v. *Boston,* 201 Mass. 273, 275.

We need not decide whether the notice would have been sufficient before the enactment of St. 1882, c. 36, and St. 1888, c. 114, now embodied in G. L. c. 84, § 18. See *Shea* v. *Lowell,* 132 Mass. 187; *McDougall* v. *Boston,* 134 Mass. 149; *Cronin* v. *Boston,* 135 Mass. 110; *Roberts* v. *Douglas,* 140 Mass. 129, and other cases relied on by the defendant.

It is contended by the defendant that there was a variance between the notice and the evidence as to the cause of the injury, which is fatal to the plaintiff's case. The notice recites that the plaintiff's fall was due to a defective condition of the sidewalk and ice formed thereon. She testified that her foot struck against the root of the stump and then she slipped on the ice and fell. It is plain that it could not have been ruled that there was a variance, as the defendant contends.

The allegations in the declaration are that the plaintiff was injured by slipping upon ice which had accumulated in a hollow in the sidewalk near the stump of the tree. G. L. c. 84, § 17, provides that a town is not liable for an injury or damage sustained in a public way by reason of snow

or ice thereon, "if the place at which the injury or damage was sustained was at the time of the accident otherwise reasonably safe and convenient for travelers." This statute was construed in *Newton* v. *Worcester*, 174 Mass. 181, and at page 187 it was said by Hammond, J., "We think the proper and only reasonable interpretation of the statute is, that wherever ice or snow is the sole proximate cause of the accident, there shall be no liability, but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable, there may be a liability notwithstanding the fact that it also may be attributable in part to ice or snow."

In the case at bar there was evidence that the accident was partly due to ice as a proximate cause, and that the stump or root near the edge of the walk, against which the plaintiff struck her foot and fell, was a defect to which the accident was in part attributable. In these circumstances the defendant may be held liable. *Fuller* v. *Hyde Park, supra. McCabe* v. *Whitman*, 187 Mass. 484. *Neilson* v. *Worcester*, 219 Mass. 88.

The testimony of the plaintiff that she knew of the stump, and knew of the depression in the sidewalk but forgot about it and did not look for it the morning of the accident, is not necessarily a bar to recovery. Although such knowledge on her part was evidence for the jury on the question of her due care, it could not be ruled as matter of law to constitute negligence. *McGuinness* v. *Worcester*, 160 Mass. 272. *Fuller* v. *Hyde Park, supra. Winship* v. *Boston, supra. McCarthy* v. *Stoneham, supra. Gilman* v. *Deerfield*, 15 Gray, 577. *Wilson* v. *Charlestown*, 8 Allen, 137, and other cases cited by the defendant, are readily distinguishable in their facts from those of the present case.

The questions, whether the plaintiff was in the exercise of due care, and whether the sidewalk was unsafe for travelling and the defendant knew of the defective condition or ought to have known of it and remedied it, were for the jury. The exception to the allowance of the motion that a verdict be directed for the defendant must be sustained, and in accordance with the report a new trial is granted.

*So ordered.*