# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

ANNIE FERGUSON *vs.* INHABITANTS OF CLINTON.

Worcester. September 25, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: defect. *Notice. Municipal Corporations,* Officers and agents.

Evidence, at the trial of an action against a town under G. L. c. 84, § 15, for personal injuries received on August 21 and due to a defect in a public sidewalk, that the town's superintendent of streets, whose duty it was to supervise construction and maintenance of sidewalks under the direction of the road commissioners, learned of the plaintiff's injury a few days after it occurred, had known of the defect which caused it for three days before the injury and had thought he informed the road commissioners of the injury at their meeting next after he learned of it, and that one of the road commissioners knew of the defect four days before the injury, will warrant a finding, under § 19 of the statute, that the town, the "party entitled to notice," was not in fact misled by a notice under § 18 that misstated that the injury was received on August 12, although it did not appear that the selectmen, town treasurer or town clerk were possessed of any information as to the injury other than that in the notice; and a motion to order a verdict for the defendant by reason of such misstatement in the notice properly was denied where it was not contended by the town that there was any intention to mislead by the notice.

TORT under G. L. c. 84, § 15, for personal injuries alleged to have been suffered by reason of a defective sidewalk on School Street in Clinton. Writ dated November 9, 1925.

1

In the Superior Court, the action was tried before *Greenhalge*, J.   Material evidence is stated in the opinion.   There was a verdict for the plaintiff in the sum of $3,875.   The defendant alleged exceptions.

*C. C. Milton*, (*S. B. Milton* with him,) for the defendant.

*P. J. Fergus & A. J. Kittredge*, for the plaintiff, submitted a brief.

CARROLL, J.   The plaintiff was injured by reason of a defective condition of a sidewalk in a public street in the defendant town.   There was evidence that the defendant might reasonably have ascertained the defect and remedied it by the use of reasonable diligence, and that the plaintiff was in the exercise of proper care.   The plaintiff was injured on August 21, 1925.   The written notice to the defendant accurately described the place and cause of the injury, but stated that the accident happened on August 12, 1925.   The defendant moved for a directed verdict; the motion was denied and the defendant excepted.   The jury found for the plaintiff.   The judge reserved leave under the statute to enter a verdict for the defendant.   The judge ordered the verdict for the plaintiff to stand.

Under G. L. c. 84, § 18, a person who suffers injury by reason of a defect in a public way, in order to recover damages, must give notice to the county, city, town or person by law required to keep the way in repair, of the time, place and cause of the injury.   It is provided in this section that the notice shall not be invalid solely by reason of any inaccuracy in stating the time, place, or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby.   The defendant does not contend that there was any intention to mislead.   In his charge to the jury the judge said: "Now as to the question of the intent to mislead, I understand that the defendant makes no question; that there was no intent to mislead."   This statement was not excepted to, the defendant's contention being that there was no evidence that the officers of the town who were entitled to notice under the statute were not in fact misled by the notice.

There was evidence that the superintendent of streets,

who testified that his duty as such officer was to supervise construction and maintenance of sidewalks under the direction of the road commissioners, saw the alleged defect on August 18, 1925, and, within a few days after the plaintiff was injured, he learned "That Mrs. Ferguson fell down opposite the store in a hole in the sidewalk." He testified: "I think I informed the road commissioners" of the fact "at the next meeting." One of the street commissioners testified that on August 17 he received information of the defect in the sidewalk. On this evidence the jury would be warranted in finding that "the party entitled to notice was not in fact misled" by the inaccuracy in the time of the accident as given in the notice. The existence of the defect was known by the officials of the town before the plaintiff was hurt, and the superintendent of streets knew within a day or two after the accident the place where it occurred.

The defendant argues that the "party entitled to notice" was the "selectmen, town treasurer, or town clerk," and as there was no evidence that the information received by the superintendent of streets, of the time when the accident occurred, was communicated to the town treasurer, town clerk, or any member of the board of selectmen, or that they had any notice of the time except as contained in the written notice, there was no evidence to show that the "party entitled to notice" was not in fact misled by the statement in the notice that the accident was on August 12, 1925.

The knowledge of the time when the plaintiff was injured was known to the superintendent of streets; he also knew of the defect before she was injured. It was said in *Fleming v. Springfield,* 154 Mass. 520 at page 523, that knowledge of the existence of a defect by a city's superintendent of streets is the city's knowledge. In *Naze* v. *Hudson,* 250 Mass. 368, it appeared that the place where the accident occurred was shown to the defendant's superintendent of streets soon after the plaintiff was injured; it was decided that a verdict for the defendant could not be directed on the ground that the notice was insufficient, citing *Conners* v. *Lowell,* 158 Mass. 336, *Fuller* v. *Hyde Park,* 162 Mass. 51, *Carberry* v. *Sharon,*

166 Mass. 32, *Winship* v. *Boston*, 201 Mass. 273.   It could be found as a fact that a town required by law to keep its highways in a reasonably safe condition for public travel is not in fact misled as to the time of an accident when its superintendent of streets had information of the time of the plaintiff's injury within a day or two after its occurrence.

*Exceptions overruled.*