### AGNES SHEEHAN *vs.* CITY OF LYNN.

Essex.    November 25, 1929. — January 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Way,* Public: defect, notice.

At the trial of an action against a city under G. L. c. 84, § 15, for personal injuries alleged to have been caused by a defect in a highway, it appeared that the notice given by the plaintiff under § 18 of the statute stated that the cause of the injury was "the presence of a substantial depression or hole in said sidewalk, I slipped on the ice in said hole and broke my leg." The plaintiff testified that, when he fell, "the snow was pretty well cleared off the sidewalk," and he described the hole which caused his fall as about a foot wide and two inches deep, worn through tar exposing dirt and with irregular and jagged edges. He also testified that snow or ice had nothing to do with the accident and that he did not slip on the ice. A police officer of the defendant, who was present shortly after the plaintiff fell, assisted in carrying him home, and, upon his return, examined the sidewalk where the accident occurred with another police officer. There was a verdict for the plaintiff. *Held,* that

(1) If the sidewalk was defective and such defect caused the plaintiff to fall and his injury was in part attributable to the defect, the defendant might be held liable even if the ice may have contributed in part to his fall;

(2) The fact that the notice, in addition to stating the cause of injury as a depression or hole in the sidewalk, stated that the plaintiff slipped on the ice, did not render the notice invalid;

(3) Findings were warranted that there was no intention on the part of the plaintiff to mislead the defendant in stating the cause of the accident, and that the defendant was not misled thereby;

(4) It was proper for the judge to refuse to order a verdict for the defendant.

TORT under G. L. c. 84, § 15, for personal injuries alleged to have been caused on January 23, 1925, by a defect in Broad Street, a highway in Lynn. Writ dated April 1, 1925.

In the Superior Court, the action was tried before *Weed,* J. Material evidence, rulings by the judge and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,534.67, and

the judge reported the action to this court "upon the defendant's exceptions to" his "refusal to direct a verdict in its behalf on the" grounds stated in the opinion.

The case was submitted on briefs.

*P. F. Shanahan*, City Solicitor, & *J. M. Cashman*, Assistant City Solicitor, for the defendant.

*W. E. Sisk* & *R. L. Sisk*, for the plaintiff.

CROSBY, J. The plaintiff was injured by falling on a sidewalk on Broad Street, a public way in the defendant city. She duly notified the defendant in writing of the injury. At the close of the evidence the defendant filed a motion for a directed verdict on the grounds that the notice was invalid and insufficient in stating the cause of injury; that there was no evidence from which it could be found (1) that there was no intention on the part of the plaintiff to mislead the defendant, and (2) that the defendant was not in fact misled thereby. The notice recited that "The cause of my being so hurt and injured was as follows: At said time and place, owing to the presence of a substantial depression or hole in said sidewalk, I slipped on the ice in said hole and broke my leg."

The plaintiff testified that at the place described in the notice "the snow was pretty well cleared off the sidewalk and that there was a large kind of irregular place where the tar was worn away, causing a depression and that inside the depression, the edges thereof were ragged, irregular and jagged; and her heel got caught and threw her and her leg was broken; the depression was about four feet round and in its widest place, was about a foot wide and about two inches deep . . . that the hole or depression was a sunken part in the sidewalk . . .; that the tar in the depression had been all worn away exposing the dirt and that there was no concrete or tar in the depression." She further testified that snow or ice had nothing to do with the accident and that she did not slip on the ice.

If the sidewalk was defective and such defect caused her to fall and her injury was in part attributable to the defect, the defendant might be held liable even if the ice may have contributed in part to her fall. *Newton* v. *Worcester*, 174

Mass. 181.  *Naze* v. *Hudson*, 250 Mass. 368.  *Murphy* v. *Somerville*, 253 Mass. 544.  *Witham* v. *Boston*, 262 Mass. 291.  The notice was not invalid because in addition to stating the cause of injury as a depression or hole in the sidewalk, it stated that the plaintiff slipped on the ice.  It appears from the report that a police officer of the defendant who was present shortly after the plaintiff fell assisted in carrying her home; that upon his return he and another police officer examined the sidewalk where the accident occurred.

It could have been found that there was no intention on the part of the plaintiff to mislead the defendant in stating the cause of the accident, and that the defendant was not misled thereby.  It follows that the jury could have found that the plaintiff had sustained the burden of proof resting on her to show that the defendant was not misled by the description in the notice as to the cause of the injury.  *Naze* v. *Hudson*, *supra* and cases cited.  *Messner* v. *Springfield*, 261 Mass. 142.

As no exceptions were taken to the judge's charge, it is to be assumed that the instructions were full and accurate.  The case is before us upon a report of the trial judge who refused to direct a verdict for the defendant.

The entry must be

*Judgment for the plaintiff on the verdict.*