JOSEPH MEDEIROS *vs.* TOWN OF SOMERSET.

Bristol. May 9, 1940. — September 11, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Way,* Public: defect.

A description in a notice to a town under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, of a defect in a public way as "an excavation or ditch along the shoulder of the road . . . bumpy and uneven and . . . in a slippery condition by reason of snow and ice," whereas the defect was a hole in the travelled, macadam part of the road near the ditch at the side of the road, was merely an inaccuracy, and did not preclude recovery for injuries caused by the defect where findings were warranted that there was no intention to mislead the town and that it was not misled.

TORT. Writ in the Superior Court dated July 18, 1936.

Before *Giles*, J., a verdict was returned for the plaintiff in the sum of $975. The defendant alleged exceptions.

*A. E. Seagrave*, (*F. L. Hanson* with him,) for the defendant.

*J. T. Farrell*, for the plaintiff.

DOLAN, J. This is an action of tort in which the plaintiff seeks to recover compensation for personal injuries sustained by him by reason of the alleged failure of the defendant to keep a public highway reasonably safe for the use of the public travelling thereon. At the close of the evidence the defendant's motion for a directed verdict was denied subject to its exception, and the jury returned a verdict for the plaintiff. The sole contention of the defendant is that no sufficient notice of the place and cause of the plaintiff's injury was given as required by G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1.

The accident occurred "at about 12.15 P.M. on January 1, 1936." On January 9, 1936, a notice in the following form was served on the defendant: "Town Clerk, Town Hall, Somerset, Mass. Dear Sir: This is to inform you that Mr. Joseph Medeiros, of 63 Mallon Avenue, Somerset, Massachusetts, was injured at about 12.15 P.M. on January 1, 1936 by reason of a defective condition of the highway known as Brayton Point Road in the Town of Somerset. The said injury occurred at a point on the east side of Brayton Point Road between Mellon Avenue and Buffington Avenue and about one hundred feet from said Mellon Avenue. The said defect consisted of an excavation or ditch along the shoulder of the road, which ditch or excavation was bumpy and uneven and was in a slippery condition by reason of snow and ice having accumulated around and upon the same at the time of the injury. This is to notify you also that Mr. Medeiros hereby claims damages for the said injury. (signed) HAROLD E. CLARKIN Attorney for Joseph Medeiros."

Under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, providing, in the circumstances of the present case, that notice shall be given within ten days to

the town of the time, place and cause of the injury, it is also provided, that "Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the . . . time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

The jury could find that the plaintiff sustained the injuries complained of as a result of a defective condition of the highway known as Brayton Point Road, a public highway in the defendant town which it is agreed the defendant was bound to keep in repair; that the defect consisted of a hole in the macadam surface of the road, which was about "three and one half to four and one half feet from the ditch at the easterly edge of the road and seven or eight inches from the edge of the macadam where . . . [it] joined the gravel to make a shoulder of the road," and that the place where the accident occurred was "near four or five mail boxes which were on the east side of the road." The evidence would also warrant the jury in finding the following facts: One Ashton, a police officer of the town, heard of the accident on the day of its occurrence and that night he went all over Brayton Point Road "looking for a place where somebody might have fallen." He looked at the area "in front of the mail boxes on the east side of Brayton Point Road just north of Mellon Avenue . . . ." He reported that night to the chief of police. It was the duty of Ashton to report to the chief of police if he found defects in the road. Within a few days he also made a report to the superintendent of streets.

"The hole in question had been in existence for a long time prior to January 1, 1936," and "the town in the exercise of reasonable care should have known of . . . [the defect] and [should have] repaired . . . [it]." Holes in Brayton Point Road, including the one in which the jury could have found that the defendant fell, were filled with gravel two or three days after the accident. The chairman of the board of selectmen of the town, who was also its chief of police and "W P A" administrator, heard of the accident on the night of its occurrence. Within the next

week he went down the street to see if there were any holes in the road. After receiving the notice on or about January 9, 1936, he went over the road a number of times "relative to what was stated in the notice" but found no "excavations or ditches along the shoulder of the road"; but he examined the condition of the "gutter," "the only thing in his mind that a ditch could refer to." He left the notice in the files of his office and did nothing more about it. After the receipt of the notice, the town's superintendent of streets went to the home of the plaintiff to inquire where he fell. The latter was then in the hospital, but his son went with the superintendent to the scene of the accident. The plaintiff's son did not point out exactly where the plaintiff fell, but indicated that it was "about in that spot." He could not tell the exact spot because the hole had been covered over with gravel. He told the superintendent that "it was right around here in front of the mail boxes." The misstatement of the place and cause of the accident was not an omission but an inaccuracy which the plaintiff could meet by proof that there was no intention to mislead and that the defendant was not in fact misled. *Sheehan* v. *Lynn,* 269 Mass. 571, 573. Compare *Merrill* v. *Springfield,* 284 Mass. 260, 262.

In all the circumstances we are of opinion that the jury could find that the misstatement of the place and cause of the accident as an "excavation or ditch along the shoulder of the road" instead of, as the jury could find, a hole in the travelled part of the highway, was not made by the plaintiff with the intention of misleading the defendant and that it was not in fact misled thereby. *Sheehan* v. *Lynn,* 269 Mass. 571, 573. *Crowell* v. *Malden,* 273 Mass. 456, 461. *Kangas's Case,* 282 Mass. 155, 159. The defendant's motion for a directed verdict was rightly denied.

*Exceptions overruled.*