No. 3077 Northern Middlesex, ss.

BILLINGSLEY (John F. Kelley)
v. PLADZIEWICZ (Samuel M. Flaksman)

From the Third District Court of Eastern Middlesex—Stone J.
Argued Dec. 29, 1941—Opinion filed Jan. 12, 1942

PETTINGELL, J. (Jones, P. J., and Wilson, J.)—The plaintiff received injuries as a result of a fall on a slippery sidewalk. There was a finding for her from which the defendant appeals, alleging that there was prejudicial error in the denial of certain rulings requested by her.

The trial judge found the following facts:

"The plaintiff slipped on the ice on the sidewalk in front of the defendant's premises at 94 Fifth St., in Cambridge. The premises consist of house which has a store on the first floor and a yard and driveway about half the width of store adjoining, the total frontage being about forty feet. With the consent and at the request of the parties I took a view of the premises accompanied by counsel. The accident happened at about nine o'clock in the forenoon on Feb. 8, 1939. The defendant testified and I find that she was on the sidewalk in front of her premises at the time and saw the plaintiff fall. On Feb. 17, 1939, the plaintiff's attorney sent a notice addressed to the defendant and her husband Joseph Pladziewicz at the premises in question. The husband had been dead for some years. It was sent by registered mail and was delivered at the defendant's store on the same day, an employee of the defendant receiving it and signing the husband's name by his own as the addressee's agent. No counter notice was given on receipt of this notice. I find there was no intention to mislead the defendant in connection with this notice. No evidence was offered me to show that she was in fact misled and from the fact that she was admittedly present when the accident happened I infer that she was not misled."

The defendant's contentions are threefold. She contends

[ 111 ]

first, that there was not sufficient evidence to warrant a finding for the plaintiff; second that the plaintiff has not offered evidence sufficient to warrant a finding that there was no intention to mislead the plaintiff by the inaccuracy of the notice; and third, that the plaintiff has not sustained the burden of proving that the defect, if any, had existed long enough for the defendant, in the exercise of reasonable care, to have known of it and to have been negligent in not remedying it.

The trial judge took a view of the premises. He found that one spout ended eight feet from the ground, allowing water to flow out over the sidewalk and that there was a hole in the other spout through which water escaped and flowed on the sidewalk which caused the ridge of ice on which the plaintiff slipped and fell.

Three things affect this aspect of the case. It was testified to, and the trial judge so found, that the defendant was standing on the sidewalk at the time the plaintiff fell, saw her fall, and helped pick her up. The defendant, therefore, was at the premises in question before the accident, and knew or should have known before the plaintiff fell, what the conditions were. There is no evidence that she warned the plaintiff of the danger or made any other effort to prevent her falling.

This aspect of the case is affected, also, by the fact that the trial judge took a view of the premises. What he saw there we do not know but what he saw there was evidence. *Smith* v. *Morse,* 148 Mass. 407. It could not well be banished from his mind. *Commonwealth* v. *Descalakis,* 246 Mass. 12. We cannot say that he may not have seen enough, added to the testimony which had been given in court, to warrant the finding of fact made by him.

The defendant's further contention is a technical one; he says, when questioned, that if the plaintiff had put the defendant on the stand, as the plaintiff's witness, and the defendant had then admitted that she had not been misled by the notice, there would have been no error; but the fact that the defendant had such first hand knowledge because of her presence at the place of the accident and her participation in it, and so testified in her own case did not relieve the plaintiff of a statutory burden to prove the lack of such an intention. The essence of the defendant's contention is that the plaintiff must prove her case by affirmation evidence produced by her. This is not the law. The statute reads, "such notice shall not be invalid . . . if it is shown that there was no intention to mislead . . . ." The burden of proof is on the plaintiff but "it is shown" that there was no such intention, if the evidence, however produced, warrants such a conclusion.

If there was no intention on the plaintiff's part to mislead the defendant, then, under the circumstances, the defect in the notice became immaterial and the second requested ruling was

inapplicable. *Crowell* v. *Malden,* 273 Mass. 456, at 460. Whether or not there was an intention to mislead was a question of fact for the trial judge. *Sheehan.* v. *Lynn,* 269 Mass. 571.

The third requested ruling, that the court find that the plaintiff had not sustained the burden of proof in this respect, was a request for a finding of fact. Whether or not such a burden has been borne successfully is ordinarily a question of fact. *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.,* 294 Mass. 306.

*No prejudicial error appearing, the report is to be dismissed.*