ALBERT M. BUSKEY *vs.* CITY OF WORCESTER.

Worcester. September 25, 1950. — November 3, 1950.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way,* Public: defect. *Snow and Ice. Notice. Proximate Cause. Practice, Civil,* Variance.

In an action against a city by a traveller injured through an alleged defect in a public way, a motion for a directed verdict for the defendant, specifically based on the pleadings, could not properly have been granted on the ground of variance where the declaration alleged that the plaintiff "fell into a catch basin" maintained without a guard, and there was evidence that the plaintiff's foot was caught in an unguarded opening between the capstone and the grating of the catch basin.

Evidence, that a traveller upon a public way, while walking in snow toward a mail box, "went down without any warning . . . just went down quick" and that his foot was caught in an unguarded opening, three feet long, eighteen inches high, and at least a foot wide, between the

capstone and the grating of a catch basin, warranted findings that there was a defect in the way within G. L. (Ter. Ed.) c. 84, § 15, and that the traveller's fall was due solely to such defect and not in part to the snow.

In a notice under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, given to a city by a traveller of an injury through "falling into an open catch basin" in a public way, a statement that the catch basin "had no cover or the cover had been removed" was at most an "inaccuracy" within the statute; and the notice might be found not to be invalidated thereby where testimony by the traveller that he had no intention to mislead the city warranted a finding to that effect, and evidence that several police officers were at the scene of the injury shortly after it occurred and that employees of the city made observations and measurements and took a photograph at the scene the next day warranted a finding that the city was not misled by such inaccuracy.

Tort. Writ in the Superior Court dated January 25, 1944. Following the decision reported in 323 Mass. 342, the action was retried before *Swift,* J.

*H. J. Meleski,* Assistant City Solicitor, (*A. M. Hillman,* City Solicitor, with him,) for the defendant.

*A. W. Howes,* for the plaintiff.

Wilkins, J. The plaintiff, a letter carrier, while walking toward a mail box, was hurt because of an alleged defect in Holden Street, Worcester. After his exceptions were sustained in 323 Mass. 342, this action of tort was retried, and the jury returned a verdict for the plaintiff. The defendant's only exception relied upon is to the denial of its motion for a directed verdict, such motion being based upon all the evidence and the pleadings.

The declaration alleges that Holden Street is a public way which the defendant, a municipal corporation, was bound to keep in safe condition for public travel; that on or about January 31, 1943, the plaintiff, while lawfully travelling on that street, "fell into a catch basin of a sewer which was located in said Holden Street; that the said street at the place of the plaintiff's injury was dangerous and defective and said catch basin was negligently suffered by said defendant to be kept and maintained without any cover, barrier, guard, railing or other protection upon or about it; that as a result of the defective condition of said

Holden Street as aforesaid and the negligence" of the defendant, the plaintiff was injured.

On the evidence at the first trial the jury could have found that the plaintiff fell feet first into the catch basin until his downward motion was stopped by his arms and elbows. On the evidence at the second trial, however, the jury could have found that only the plaintiff's foot was caught in an opening between the stone capstone and the grating of the catch basin. But it is nevertheless true that he fell into an opening which had no guard or other protection. The motion, accordingly, could not have been granted in so far as it related to the pleadings. .

Upon the merits, while the evidence was not precisely the same as at the first trial, and perhaps weaker from the plaintiff's point of view, it was nevertheless adequate in all material respects to warrant a verdict for him. The plaintiff testified that the ground was white with snow and he did not know of the catch basin; and that while walking in the street toward the mail box, he "went down without any warning . . . just went down quick. That's all." It is not fatal to his case that he testified that he did not know at the time into what he fell but thought it was a hole in the ground; or that he did not know the cause of his injury; or that he was not basing his case on the absence of a cover to the catch basin. Other witnesses testified that they observed his foot caught in the opening, which could have been found to be three feet long, eighteen inches high, and at least a foot wide. There was evidence that the opening was the same size as it had been for eight years. On the authority of the earlier opinion in this case it could have been found that there was an actionable defect. In *Spillane* v. *Fitchburg*, 177 Mass. 87, there was no evidence that the catch basin contained an opening so large that an injury to a traveller could have reasonably been anticipated, a distinction which was made in the earlier opinion (page 344). This is also true of *Paulino* v. *Concord*, 259 Mass. 142. It likewise could have been found on the authority of the earlier opinion that the plaintiff's fall was not due in part to ice or

snow, so that the notice, which was given within thirty, but not within ten, days of the injury, was seasonable. G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1.

One question not previously raised concerns the statutory notice. On February 17, 1943, the plaintiff wrote the defendant that on January 31, 1943, and at the place in question he "fell into an open catch basin of a sewer." On February 20 the defendant wrote the plaintiff that the notice was defective as not stating the cause of the fall. See G. L. (Ter. Ed.) c. 84, § 20, as amended by St. 1939, c. 147. Under date of February 25 the plaintiff wrote the defendant that he was injured "as a result of falling into an open catch basin . . . . The cause of the accident and injury was the defective, negligent and unsafe condition and maintenance of said catch basin and street in that said catch basin had no cover or the cover had been removed, leaving an opening in said catch basin or drain into which I fell." The defendant contends that the second notice gave as the cause of injury a street defect which was not proved. It must be conceded that there was no evidence that the catch basin lacked a cover. General Laws (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, provides that a "notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the . . . cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby." Here there was at most an inaccuracy and not an omission. *Medeiros* v. *Somerset*, 306 Mass. 557, 560. *Lamereaux* v. *Tula*, 312 Mass. 359, 362. See *Watts* v. *Rhodes*, 325 Mass. 697, 700–701. The jury could accept the plaintiff's own testimony that he had no intention to mislead. They also could have found that the defendant was not misled. There was evidence that the plaintiff was released from the opening by two police officers of the defendant; that there were altogether four police officers and two "cruiser cars" of the defendant at the scene soon after the plaintiff was discovered; and that on the following morning a civil engineer employed by the defendant and an investigator in the de-

fendant's law department went to the scene, and observations, measurements, and a photograph were taken. *Naze* v. *Hudson,* 250 Mass. 368, 370. *Ferguson* v. *Clinton,* 265 Mass. 1, 3–4. *Sheehan* v. *Lynn,* 269 Mass. 571, 573.

*Exceptions overruled.*