WILLIAM FLANNERY *vs.* STATE MUTUAL LIFE ASSURANCE COMPANY & another.

Worcester.   September 22, 1959. — November 6, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, & WHITTEMORE, JJ.

*Way*, Public: defect, nuisance, pipe. *Municipal Corporations*, Liability for tort, Nuisance. *Negligence*, Pipe, In use of way. *Nuisance*. *Practice, Civil*, Amendment, Opening to jury.

In an action for personal injuries by a traveller on a public way in a city against the city based on a defect in the way, there was no abuse of discretion in denying a motion by the plaintiff to add to the declaration a count charging that the alleged defect was a nuisance maintained by the city. [700]

In passing upon the propriety of ordering a verdict for the defendant upon the plaintiff's opening to the jury at the trial of an action, it is to be assumed that statements made in the opening would have been supported by evidence. [700]

Causes of action by a traveller on a public way in a business district of a city against the city for a defect in the way and against the owner of a building abutting the way for negligence and nuisance were shown where it appeared that the traveller in crossing the way fell and was injured when he caught his foot in the open end, unprotected by any grating, of a ventilator pipe which had been installed many years before in connection with the building and terminated at the outer face of the curbstone of the way. [701]

TORT.   Writ in the Superior Court dated October 26, 1955.

The action was tried before *Rome*, J.

*Sumner W. Elton*, for the plaintiff, submitted a brief.

*Matthew R. McCann*, for the defendant State Mutual Life Assurance Company.

*Harry J. Meleski*, City Solicitor, & *Andrew F. McCarthy*, Assistant City Solicitor, for the city of Worcester, submitted a brief.

RONAN, J.   This is an action of tort to recover damages against the State Mutual Life Assurance Company, an abutter, and the city of Worcester for injuries sustained by the plaintiff in crossing Main Street, a public way in the

defendant city, when his foot caught in the open end of a pipe which terminated at the outer face of the curbstone and which served as a ventilator for the sanitary sewerage system of the assurance company's building. The pipe in which the plaintiff caught his foot was similar to a drain pipe, and was unprotected by grating. The plaintiff was thrown upon the sidewalk and sustained a fracture of his shoulder.

The original declaration consisted of a count against the city charging it with maintaining the street in a defective and dangerous condition and a second count against the abutter charging it with negligence. Before the trial a further count was added charging the latter with a nuisance in maintaining the ventilator pipe. A motion to add a similar count against the city was denied, subject to the plaintiff's exception. The jury took a view, and at the conclusion of the plaintiff's opening the judge, subject to the plaintiff's exception, directed verdicts for the defendants.

There was no error in the denial of the motion to add a count charging the city with a nuisance. The obligation of a city to maintain its ways in reasonably safe condition for travellers is governed by statute, G. L. c. 84, §§ 1 and 15. Its liability is predicated on negligence and not on nuisance. *Whalen* v. *Worcester Elec. Light Co.* 307 Mass. 169, 174–175. *Wershba* v. *Lynn*, 324 Mass. 327, 332. Furthermore, even in the ordinary case the allowance or denial of an amendment is normally a matter of discretion. *Rich* v. *Finley*, 325 Mass. 99, 108. *E. F. Hodgson Co. Inc.* v. *Lisanti, post,* 775.

It is assumed that statements made by counsel in an opening will be supported by evidence. *Douglas* v. *Whittaker*, 324 Mass. 398. It was stated that the ventilator pipe was installed under a permit from the board of health in 1897 or 1898 when the building of the assurance company was constructed and that subsequently, specifically since 1920, the matter of such ventilators has been regulated by ordinance. The terms and conditions of the permit were not stated and doubt was expressed by counsel that he would be able to furnish them during the trial. Such a permit would

protect the landowner from being charged with maintaining a nuisance if its terms and conditions were complied with. *Cushing* v. *Boston,* 128 Mass. 330. *Sawyer* v. *Davis,* 136 Mass. 239, 241. *Union Inst. for Sav.* v. *Boston,* 224 Mass. 286. On the other hand, a permit would afford no such protection if its provisions were not observed. *Dalton* v. *Great Atl. & Pac. Tea Co.* 241 Mass. 400. It is to be noted that it is usually the defendant who sets up a license or permit as a defence. Here it is the plaintiff — perhaps in order to base his case upon a nuisance by showing noncompliance and thus avoiding the necessity of proving negligence on the part of the defendant in maintaining the ventilator pipe.

The plaintiff was entitled to go to the jury against the assurance company on both counts, negligence and nuisance, and against the city on the ground of a defective way.

The jury could have observed on its view that the locus of the accident was in the center of a large city in a commercial and mercantile district. They saw the open unprotected end of the ventilator pipe terminating at the outer face of the curbstone and its distance above the travelled part of the street and below the top of the curb. We are of opinion that the assurance company could be found liable if shown negligently to have maintained the ventilator in the position it was without a grated end. *Lynch* v. *First Natl. Bank,* 309 Mass. 458. We are also of opinion that a jury could find the defendant city should have remedied such a situation existing in its busy section. *Crowell* v. *Malden,* 273 Mass. 456. *Sylvia* v. *Boston,* 278 Mass. 76. *Bagdikian* v. *Worcester,* 318 Mass. 707. *Buskey* v. *Worcester,* 323 Mass. 342; *S.C.* 326 Mass. 405.

*Exceptions sustained.*