## ADELARD TRUDEAU'S CASE.

Hampden. September 22, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Workmen's Compensation Act,* Cancellation of insurance. *Insurance,* Cancellation. *Agency,* Scope of authority. *Evidence,* Presumptions and burden of proof.

In proceedings under the workmen's compensation act, it appeared that the insurer sent and the employer received a notice of cancellation, on the ground of nonpayment of premium, of the policy of insurance issued to the employer, effective on a date more than ten days thereafter and previous to the time when the employee sustained an injury arising out of and in the course of his employment. There was evidence before the single member of the Industrial Accident Board showing merely that, previous to such effective date, a portion of the premium due was paid by the employer to an insurance agent who had originally negotiated the policy but who had neither an agent's license nor an insurance broker's license, and who told the employer that the policy had been reinstated and that he "had no need to worry"; and that an employee of the insurer, not shown to have authority from it to revoke a cancellation or to reinstate the policy or to make statements in regard thereto, told the agent to send the money to the insurer and the policy would not be cancelled. The single member found that at the time of the employee's injury the employer was not covered by a policy. The board in review affirmed and adopted such finding. The claim was dismissed. *Held,* that

(1) A finding was warranted that the policy was cancelled on the effective date stated in the notice;

(2) Even if the evidence respecting the statement of the insurance agent and that of the insurer's employee were believed, such statements were not binding upon the insurer;

(3) There was no error in the dismissal of the claim.

G. L. (Ter. Ed.) c. 175, § 169, had no application in the proceedings above described.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by

the Industrial Accident Board dismissing a claim for compensation.

Material evidence and findings by the single member of the board, which were affirmed and adopted by the board in review, are stated in the opinion. In the Superior Court, a decree was entered by order of *Lummus*, J., dismissing the claim. The claimant appealed.

The case was submitted on briefs.

*J. R. Nolen*, for the claimant.

*G. Gleason*, for the insurer.

CROSBY, J. The employee, Adelard Trudeau, received an injury which arose out of and in the course of his employment on November 5, 1930, while working for the Valley Furniture & Cabinet Manufacturing Company. The single member of the Industrial Accident Board upon all the evidence before him found that a policy of insurance was issued to the employer to expire May 16, 1931; that notice of the cancellation of the policy, dated October 8, 1930, was sent to the employer by the insurer to take effect on October 20, 1930, because of nonpayment of the premium; that nothing thereafter occurred which "could act as a reinstatement of said policy, or a revocation of the cancellation of said policy, or that a new policy had been issued." Accordingly he found that at the time of the claimant's injury the employer was not covered by a workmen's compensation policy and dismissed the claim. The reviewing board affirmed and adopted the findings of the single member, and a final decree was entered dismissing the claim. The employee appealed from the decree. The only question before this court is whether or not at the time of the injury the employer was insured under G. L. (Ter. Ed.) c. 152.

The evidence warranted a finding that notice of cancellation of the policy was sent to the employer on October 8, 1930, and was received more than ten days before October 20, 1930, when the cancellation became effective. The policy was written by the Canney insurance agency which was conducted by Bessie G. Canney, an agent of the insurer. Her husband, George F. Canney, who was

connected with the agency, negotiated this policy with the employer, but he had neither an agent's license nor a license as an insurance broker.

Upon receipt of the notice of cancellation, the employer communicated with Canney and was told by the latter that the insurance had been reinstated, "that they had no need to worry." Up to the time of cancellation on October 20, 1930, the earned premium was $430.05. The employer had paid Canney $200 on account of the premium, and at the time the notice of cancellation was sent by the insurer Mrs. Canney had paid to the insurer $100 and on October 15, 1930, she paid the insurer $100 more. She testified that when she sent the second $100 she talked with one Oliver, an employee of the insurer who worked in its collection department, and he told her to send the $100 and the policy would not be cancelled, and to send more as fast as she could get it. Oliver testified that he did not tell Mrs. Canney that the policy would not be cancelled. He further testified that he had no authority to revoke the cancellation of policies; that he told Mrs. Canney the company would not reinstate the policy unless the premium was paid in full, and then it would have to be submitted to the manager, or to the assistant manager; that, if she was able to collect the balance of the account before the date the cancellation became effective, he would take it up with the manager and assistant manager and see if they would reinstate the policy. He further testified that the balance of the premium was not paid.

The policy provides in Condition B in part as follows: "This policy may be cancelled at any time by either of the parties on written notice by the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the policy period." It is provided by G. L. (Ter. Ed.) c. 175, § 187D, that "A company issuing any policy of insurance which provides for cancellation by the company upon giving written notice to the insured and for the payment or tender to the insured of a return premium at any time either before, at or after cancellation, may cancel

such policy by giving the notice provided therein in the manner prescribed by section one hundred and eighty-seven C without tendering or paying at any time or in any case any return premium thereon, if the insured has not prior to the date of such notice, actually paid the premium thereon either to the company, or to its agent who issued the policy, or to the duly licensed insurance broker who negotiated it or its continuance or renewal."

The evidence tended to show, and it is not contended to the contrary, that a notice of cancellation was mailed to the employer by the insurer and was received by the employer more than ten days before October 20, 1930, the date as stated in the notice when said cancellation would be effective. Upon the facts which could have been found it is plain that the policy was cancelled as of October 20, 1930.

It is the contention of the employee that the payment of $50 on October 11, 1930, by the employer "to the duly authorized agent of the insurer reinstated the policy. . . ." The payment on October 11, 1930, was made to Canney, who was not an agent of the insurer and had no broker's license to negotiate workmen's compensation insurance. His statements to the employer could not bind the insurer. If Oliver told Mrs. Canney that upon paying $100 the policy would not be cancelled (which statement he denied) the insurer would not be bound thereby as there was no evidence to justify a finding that he had authority to make it or to revoke a cancellation or to reinstate the policy.

The employee also contends that under G. L. (Ter. Ed.) c. 175, § 169, the insurer is liable upon the policy. This section reads: "An insurance agent or broker acting for a person other than himself in negotiating, continuing or renewing any policy of insurance or any annuity or pure endowment contract shall, for the purpose of receiving any premium therefor, be held to be the agent of the company, whatever conditions or stipulations may be inserted in the policy or contract." This statute is limited to negotiating, continuing or renewing a policy, and has no application to the case at bar which relates to revoking a cancellation or reinstating a policy.

If the testimony of Mrs. Canney respecting her conversation with Oliver was believed, it would not be binding upon the insurer, for the reason that there was no evidence to warrant a finding that he had any authority to make it. There was no evidence that any one had any authority to revoke the cancellation of a policy except the manager and assistant manager. If this evidence was disbelieved, it would not authorize a finding that Oliver had such authority.

It is manifest that upon the record the decision of the reviewing board must stand. It follows that the final decree is affirmed.

*So ordered.*