Dohoney, L.
This is an action in tort and contract to recover for injuries sustained in a fall on the defendant’s premises. The defendant, George Roux (Roux), added as third party defendants the insurance agency, R S. Foster Insurance Agency (Foster), from whom he had obtained the insurance policy and the insurance company, Aetna Life and Casualty Company (Aetna), which wrote the policy. Roux claims the policy was in effect on the date of the plaintiff s accident, while Aetna claims the policy had been cancelled and not reinstated as of the date of the accident. The trial court granted Roux’s motion for summary judgment and ordered judgment against Aetna in the amount of $22,500 plus costs, judgment interest and reimbursement to Roux for expenses in defending against the plaintiffs claim.
From the report we learn that Foster was a duly appointed agent of Aetna through which Roux had purchased a homeowner’s policy written by Aetna. Roux received notice from Aetna that his policy would be cancelled effective December 16, 1986, due to nonpayment of premiums. On December 29, 1986, Roux paid to Foster the premium amount due, and Foster sent its check in the same amount to Aetna in payment of Roux’s premium. Aetna received the check on January 5, 1987. Aetna returned the check to Foster stating that the policy had been canceled and that company procedures for reinstatement would have to be followed before reinstatement occurred. Nothing further happened. Plaintiffs accident occurred February 18, 1987. Roux moved for summary judgment against Aetna, and the court granted it, determining that Foster had the apparent authority to bind the company so that the policy was reinstated and in effect on the date of the accident.
The issue presented is whether on summary judgment it can be found that Foster had the authority to reinstate the policy and thus put the policy into effect and bind the company.
To review a grant or denial of summary judgment, the court uses the same standard employed initially by the trial court. SMITH AND ZOBEL, 8 MASSACHUSETTS PRACTICE, §56.10 at 364 (1977). Ajudge shall grant amotion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Dist./Mun. Cts. R Civ. P., Rule 56(c). The burden is on the party movingfor summary judgment to demonstrate affirmatively that there is no genuine issue of material fact *223 on every relevant issue. Pedersen v. Time, Inc., 404 Mass. 14 (1989). Summary judg-mentcannotbe granted merely because thecourt believes that the movantwill prevail if the action is tried on the merits. See 10 C.A WRIGHT AND A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE, §2728 at 186.
The first issue is whether Foster had actual authority to reinstate the policy. There was no evidence of actual authority presented in the materials to Trial Justice. In fact what evidence was submitted militates against a finding of actual authority. The agency agreement between Foster and Aetna is apparently silent as to the authority to reinstate. There is some legal authority in another context that an insurance agency does not have authority to reinstate a cancelled policy. See Trudeau’s Case, 280 Mass. 429 (1932).
The next issue presented is whether Foster had apparent authority to reinstate the policy. Massachusetts General Laws, c. 175, §163 states “Every company shall be bound by the acts of the person named in the license within the scope of his apparent authority as its acknowledged agent while such license remains in force.” Here it is uncontroverted that the insurance agency was licensed as a duly authorized agent of the company. It is the existence of apparent authority in this particular transaction which is in question. Roux here argues that the agent had apparent authority to accept the premium payment and bind the company.
Apparent authority exists where “conduct by the principal... causes a third person reasonably to believe thataparticularperson... has authority to enter into negotiations or to make representations as his agent.” Hudson v. Mass. Property Ins. Underwriting Assoc., 386 Mass. 450, (1982). See REINSTATEMENT (SECOND) OF AGENCY, §8. The question of apparent authority is “one of factwhich ‘depends upon the inferences to be drown from a variety of circumstances’ relating to the conduct of the principal and ‘whether the circumstances are such as to warrant’ the plaintiff ‘in the exercise of reasonable prudence and discretion, to believe’ that Sheldon had authority to repre-sentthe defendants ‘in regard to the transaction in question.’” Hardy v. Baran, 11 Mass. App. Ct. 82, 85 (1980), quoting Lord v. Lowell Inst. for Sav., 304 Mass. 212, 214, (1939), Costonis v. Medford Housing Authority, 343 Mass. 108, 113, (1961).
Here, the underlying facts relating to Aetna’s designation of Foster as an agent, to Foster’s acceptance of Roux’s payment, and to the belief of Roux are uncontroverted. However, the reasonableness of Roux’s reliance must still be shown. The application of the reasonable person standard is uniquely within the competence of the factfinder. DeVaux v. American Home Assurance Company, 387 Mass. 814 (1983).
Even when the underlying facts are established, the question of authority depends on an inference which must be drawn that authority exists. Here, although an inference might be drawn that Foster had apparent authority to bind Aetna, a factfinder could decline to draw such an inference. Thus, an inference of authority is an issue of material fact which precludes a determination of summary judgment. The inferences which may be drawn from the facts must be viewed in the light most favorable to the parties opposing summary judgment. Salem Building Supply Co. v. J.B.L. Constr. Co., 10 Mass. App. Ct. 360, 365 (1980). Therefore, the issue of authority is a material issue of fact. “ Stated otherwise, the facts alleged... may warrant a finding of agency but do not require such a finding as a matter of law.” Id. at 365.
The presence of apparent authority is thus a genuine issue of material fact. Roux has failed to meet his burden of showing conclusively that there is no issue of triable fact. Where there is a genuine issue of material fact, the inquiry ends and summary judgment cannot be granted. Dist./Mun. Cts. R. Civ. P., Rule 56(c).
Accordingly, the trial court’s allowance of the defendant/third party plaintiffs motion for summary judgment and its entry of judgment for Roux are hereby vacated. The case is remanded to the Fitchburg District Court for trial.