EDITH E. TWOMBLY *vs.* THE FRAMINGHAM GAS, FUEL AND POWER COMPANY.

Middlesex. December 6, 1923. — February 27, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Of notice to corporation by notice to employee; Absence of record; Opinion: expert; Of value. *Witness,* Cross-examination. *Corporation,* Officers and agents. *Negligence,* In use of gas, In use of highway. *Tree.*

At the trial of an action against a gas company for damages caused by the killing of shade trees owned by the plaintiff on a highway, alleged to have been caused by negligence of the defendant and the defective condition of its gas mains, testimony of an assistant tree warden of the town where the injury was alleged to have occurred, that he called at the office of the defendant, spoke to a girl who was the only person there in charge and told her that he wanted to see the defendant's superintendent and that trees on the highway in question "were dying," was admissible as tending to show a notice given to a person in charge of the defendant's place of business and ostensibly employed there to look after its affairs, which notice the jury were warranted in finding was notice to the defendant.

At the trial of the action above described, it was a proper exercise of discretion by the trial judge to permit the plaintiff, in cross-examination of a former employee of the defendant, who had testified that during the time in question he was in sole charge of the repairs of leaks, of which he made a record showing the name, address, date, and nature of the work, to ask the witness, "What effort have you made to find the record?"

At the trial of an action by a woman against a gas company for damages to shade trees alleged to have been due to negligence of the defendant, the husband of the plaintiff related his experience in dealing with real estate as a member of the investment committee of a local coöperative bank, stated his general knowledge and that he knew of every sale on the street where the shade trees were, which consisted of two lots sold on the same side of the street as the plaintiff's premises and three lots on the other side. Subject to exceptions by the defendant, the witness was permitted to answer questions, "How many other sales on that street do you know of in the last fifty-two years?" and "How many individual sales of land have you made on . . . [that] street during the last fifty-two years?" and was permitted to testify as an expert and give his opinion of the amount of damages suffered by the plaintiff. *Held,* that it was a proper exercise of discretion by the trial judge to permit the questions to be answered.

TORT for damages resulting from the killing of shade trees of the plaintiff due to alleged negligence of the defendant and a defective condition of its gas pipes in Pleasant Street in Framingham. Writ dated November 13, 1919.

In the Superior Court, the action was tried before *Weed,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

The case was submitted on briefs.

*F. L. Norton,* for the defendant.

*E. L. McManus,* for the plaintiff.

BRALEY, J. The defendant admitted that the trees on the plaintiff's estate were killed by gas, and the only issues were, whether their death was caused by the defendant's negligence, to which the plaintiff's negligence had also contributed.

The plaintiff introduced evidence, that, her attention having been called to the trees and to the odor of gas in the highway in front of them, she spoke to the tree warden, and shortly after telephoned to the defendant and told the person

who answered about the odor. The jury could find, that, shortly after, the defendant's employees were seen digging in the street opposite to the trees. The plaintiff again telephoned, calling the attention of the defendant's superintendent to the odor, and told him that the leaves were turning yellow. The superintendent answered, that probably this condition was caused by lice. But the defendant's employees reappeared and were again seen digging in the street with crowbars, and the evidence of the defendant showed, that a small leak was discovered in the main in the immediate vicinity of the trees, caused by the thread of the pipe being drawn away from the connecting coupling owing to the severe frost of the previous winter. The jury were to determine upon this evidence whether the conditions described were caused by gas from the defendant's main, and whether its escape could have been prevented by the exercise of ordinary care. *Hunt* v. *Lowell Gas Light Co.* 1 Allen, 343. *Emerson* v. *Lowell Gas Light Co.* 3 Allen, 410. *McGenness* v. *Adriatic Mills*, 116 Mass. 177, 180, 181. *Salem* v. *Salem Gas Light Co.* 241 Mass. 438, 442, and cases cited.

The evidence of the assistant tree warden, to which the defendant excepted, that he called at the defendant's office, and spoke to a girl who was the only person in charge of the office, telling her, that he wanted to see the superintendent, and that trees on Pleasant Street, the highway in question, " were dying," was admissible. The office, which apparently was the defendant's place of business, was in charge of a person ostensibly employed there to look after its affairs, and notice to her of the condition of the trees, the jury under the circumstances could say, was notice to the company. *McDonald* v. *Dr. McKnight, Inc. ante*, 43. The case at bar is plainly distinguishable from *Simmons* v. *Poole*, 227 Mass. 29, on which counsel for the defendant places much reliance. It was there held, that demand for payment of an overdue promissory note in order to charge an indorser must be made, where the note did not state the place of payment nor the address of the maker, at the usual place of business or residence of the maker, and that presentment in an open field to a stranger was insufficient.

A witness for the defendant, a former employee, testified, that during the time in question he was in sole charge of the repairs of leaks of which he made a record, showing the name, address, date, and nature of the work. The defendant excepted to the following question asked in cross-examination, " What effort have you made to find the record? " It was discretionary with the judge whether the question should be allowed, and this exception is without merit. *Jennings* v. *Rooney*, 183 Mass. 577.

The last exception is, that the evidence of the plaintiff's husband as to damages was erroneously admitted, because he was not shown to be qualified to give an opinion. But, on the recitals in the record of his experiences in dealing with real property as a member of the investment committee of a local coöperative bank, and of his general knowledge and his statement that he knew of every sale on Pleasant Street, which consisted of two lots sold on the same side of the street as the plaintiff's premises, and three lots on the other side, the questions to which the defendant excepted, " How many other sales on that [Pleasant] Street do you know of in the last fifty-two years? " and " How many individual sales of lots have been made on Pleasant Street during the last fifty-two years? " cannot be said as matter of law to have been inadmissible. It was for the presiding judge in his discretion to decide whether the witness was qualified to answer the questions, which were preliminary to the final inquiry, calling for his opinion as to the amount of .damages suffered by the plaintiff. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 533, and cases cited. See *Davis* v. *Crane*, 243 Mass. 275, 282, 283.

*Exceptions overruled.*