REGINA KEES *vs.* WM. FILENE'S SONS COMPANY.

Suffolk. May 15, 1936. — March 31, 1937.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Agency,* Scope of authority. *Negligence,* Shoe shining stand. *Proximate Cause.*

Evidence warranted findings that an employee of the proprietor of a shoe shining stand, in responding to a request by a customer for assistance in getting down from the stand, acted within the scope of his employment, and that he was negligent in the manner in which he performed that service, thereby causing the customer to fall.

TORT. Writ in the Superior Court dated April 23, 1931. The action was tried before *Sisk,* J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. F. Dunn, Jr.,* for the plaintiff.

*K. C. Parker,* for the defendant.

DONAHUE, J.  The defendant operated in its store a shoe shining stand.  While the shoes of patrons were being shined they sat in chairs on an elevated platform two and one half feet above the floor.  Below this there was a tread or lower platform which must be used by patrons in reaching and in leaving the platform where the chairs were located.  In the lower platform were supports for the feet of customers while their shoes were being shined, which are referred to in the record as "shoe trees."

The plaintiff, a woman sixty-eight years of age, seated herself in one of the chairs at the stand without assistance and had her shoes polished by an employee of the defendant.  When that operation was completed the employee went to one side a distance of about six feet and made out a charge slip for the work done, while the plaintiff remained seated in the chair.  When the employee had made out the charge slip the plaintiff beckoned to him twice and said that he must help her as she could not get down from the stand alone.  He made no response.  The plaintiff continued to sit in the chair and when she "caught his eye again . . . beckoned to him" and said "you must give me your shoulder or your arm and help me down."  Thereupon he walked to the stand and stood in front of her chair, looking at her, and near enough so that she could put her hand on his shoulder.  The plaintiff then stood up and started to take a step down with her hand outstretched to reach his shoulder, when he moved aside and she fell, fracturing her hip.  There was a sign in front of her as she sat in her chair warning against skirts catching.  After she started to move her skirt caught on one of the shoe trees but she testified that she did not think that was the cause of her fall.  The foregoing is a summary of the plaintiff's testimony.

The employee testified that when he finished polishing the plaintiff's shoes he stepped aside about a foot and a half, telling the plaintiff to watch her step, that he remained there while making out a charge slip and was there

when the plaintiff fell, that the plaintiff did not ask him for assistance and he saw nothing indicating the need of any help and that he was not conscious of having made any movement as the plaintiff was starting to go down. The defendant's foreman in charge of the stand testified that no rule had been made by the defendant and no instructions had been given by him to the effect that employees should assist patrons in making the descent from the platform where the chairs were located. But he also testified that the employees used their own judgment as to helping customers and that if one asked for assistance the employees were supposed to give it. On redirect examination he testified that he left it to each man to extend whatever courtesy he saw fit and that was what he meant by his earlier testimony.

If this evidence be viewed, as it must be, in the light most favorable to the plaintiff, we think the conclusions warrantable that it was the practice of the employees of the defendant to assist customers leaving the stand when requested so to do and that the practice was known to and approved by the defendant's foreman. The descent from the platform where customers were obliged to be while their shoes were being polished entailed difficulties not incident to going down ordinary stairs. The floor, which was thirty inches below the upper platform, must be reached in only two steps and the second platform was encumbered by two "shoe trees" in front of each chair. It seems manifest that there would be occasions when customers of the defendant would need aid in descending if the risk of injury were to be avoided. We think this was such an occasion and that the finding was warranted that if the defendant's employee in accordance with the practice, in response to the plaintiff's request, was aiding her to reach the floor, he was acting within the scope of his employment. "The test of the liability of the master is, that the act of the servant is done in the course of doing the master's work, and for the purpose of accomplishing it." *Levi* v. *Brooks,* 121 Mass. 501, 505. *Coughlin* v. *Rosen,* 220 Mass. 220, 223. At the trial the defendant's attorney stated that the

persons working at the stand were its servants and agents and were performing duties within the scope of their employment at the time the plaintiff sustained her injuries.

If, as the defendant contends and its employee testified, the plaintiff did not ask for his assistance and he did not undertake to give it, she cannot recover. But, if belief should be given to the testimony of the plaintiff, she "caught his eye," beckoned to him and asked his aid by the use of his shoulder or arm in leaving the stand. To this he made no oral response. According to the testimony of the plaintiff, however, his conduct was such as warranted the inferences that he recognized and responded to the request, that he undertook to give her the aid which she sought and that she was entitled to rely on that aid in making the descent.

In those circumstances, if the jury found that he suddenly stepped aside as she was about to place her hand on his shoulder, the conclusion would be justified that he was negligent and that his negligence was the cause of her injury. It could not rightly have been ruled as matter of law that the plaintiff was negligent.

*Exceptions sustained.*