CATHERINE LORD *vs.* LOWELL INSTITUTION FOR SAVINGS.

Middlesex.    April 4, 1939. — October 27, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Agency*, Scope of authority.    *Negligence*, One owning or controlling real estate.    *Proximate Cause.*

Evidence that a "for rent" sign on an unoccupied house stated the address and telephone number of the owner's office where part of his employees' work was to procure tenants, warranted a finding that an employee, who there answered a telephone inquiry about the house by one who had seen the sign, had implied authority to give the inquirer permission to "go through" the house alone.

A finding was warranted that loose, defective flooring of a landing in front of a door was the proximate cause of a fall sustained when the knob of the door handle came off in the hand of one closing the door and he caught his foot in the flooring.

TORT.    Writ in the Superior Court dated December 30, 1935.

At the trial before *Greenhalge*, J., there was a verdict for the plaintiff in the sum of $4,339.

*J. P. Cassidy*, (*W. F. McColough & A. J. Achin* with him,) for the plaintiff.

*S. Burr*, (*John J. Sullivan* with him,) for the defendant.

Cox, J.    The jury returned a verdict for the plaintiff in this action of tort for personal injuries, suffered as the result of a fall alleged to have been caused by the defective condition of a house belonging to the defendant.    The trial judge, under leave reserved (G. L. [Ter. Ed.] c. 231, § 120), entered a verdict for the defendant, and reported the case to this court with the stipulation that, "if the case was properly submitted to the jury, judgment to be entered for the plaintiff on the verdict, otherwise, judgment to be entered for the defendant."

In the front window of an unoccupied house owned by the defendant there was a sign reading: "For Rent, Real

Estate Department, 82 Middle Street. Tel. 2230." The
jury could have found that the defendant owned a large
amount of real estate, that the offices from which it was
managed were located at 82 Middle Street in Lowell, and
that the telephone number listed in the telephone book and
assigned to the defendant's real estate department at this
location was 2230. The work of this department was to
procure tenants and to collect rents, and was in charge of
one Perkins who had three people working under him, two
of whom were women. One of these women usually took
the telephone calls in regard to real estate to be rented if
Perkins was not in, but in her absence Miss Carnevale
"would attend to them." The plaintiff, who had read the
sign on the premises in question, called the telephone num-
ber 2230 and recognized the voice that answered as that
of Miss Carnevale. Subject to the defendant's exception,
the plaintiff testified that she asked Miss Carnevale if she
had that tenement to rent and what the rent was. Miss
Carnevale replied that it was $25 a month, whereupon the
plaintiff asked if she could see the tenement and was told
that the door was open and for her to go through it. She
went to the tenement and as she was coming out, "went
to close the door and when I did the knob came off in my
hand and my foot got caught on a board and I fell back-
wards." She testified on cross-examination that "I pulled
the knob and fell on the landing and the landing give and
I fell backwards"; that a loose board "slid," and her foot
was wedged into the part of the platform it went through;
that she fell to the right and landed on the ground. The
defendant does not contend that Miss Carnevale did not
talk with the plaintiff, and has argued three matters:
(1) that Miss Carnevale did not have express authority to
permit the plaintiff to look at the defendant's property
unattended or without escort of one of the defendant's male
employees, (2) that she had no implied or apparent author-
ity to extend such permission, and (3) that the plaintiff
failed to establish that the proximate cause of her injuries
was the negligence of the defendant.

1. There was no evidence in the case to warrant a finding

that Miss Carnevale had any express authority to tell the plaintiff to go through the tenement.

2. The question of the implied or apparent authority of Miss Carnevale was for the jury. Such a question is usually one of fact, the answer to which depends upon the inferences to be drawn from a variety of circumstances relating to the conduct of the apparent agent, and whether the circumstances are such as to warrant persons dealing with him, in the exercise of reasonable prudence and discretion, to believe he has authority to represent the alleged principal in regard to the transaction in question. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115, 117. Miss Carnevale was the employee of the defendant who answered its telephone when the plaintiff called. It was the business of the office in which she was employed to procure tenants. The defendant's name did not appear upon the sign displayed in the window but readers of it were referred to "Real Estate Department, 82 Middle Street. Tel. 2230." The plaintiff could have gone to the address or, in accordance with the directions on the sign, it was the reasonable thing for her to telephone to the number indicated for the purpose of making her inquiries. It is not unreasonable, as a matter of law, that the person who answered the telephone in the circumstances disclosed was assumed by the plaintiff to possess the authority which she seemed to have. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179. Compare *Malcolm* v. *Travelers Ins. Co.* 275 Mass. 190, 193. The question of the implied or apparent authority of the clerk was for the jury, and there was no error in the admission of the telephone conversation. *McDonald* v. *Dr. McKnight, Inc.* 248 Mass. 43, 48. *Twombly* v. *Framingham Gas, Fuel & Power Co.* 248 Mass. 53, 55. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179. *Irving Tanning Co.* v. *Shir*, 295 Mass. 380, 383. See *Kees* v. *Wm. Filene's Sons Co.* 297 Mass. 142. The case is distinguishable from *O'Leary* v. *Fash*, 245 Mass. 123; *Wojcik* v. *Cadillac Berkshire Co.* 256 Mass. 317; *Kowalczyk* v. *Murphy*, 295 Mass. 551.

3. The defendant does not contend that the plaintiff was

contributorily negligent nor that the jury was not warranted in finding that the flooring of the platform was defective within the knowledge, or means of knowledge, of the defendant, but it does contend that "no other inference can be drawn from the testimony as to the manner of occurrence of the accident than that the cause of the plaintiff's fall was the door knob coming off." The defendant's duty to the plaintiff, who could have been found to be an invitee, was to exercise proper care to keep the premises in a reasonably safe condition for her use according to the invitation, or, at least, to warn her against any dangers attendant upon such use that were not known to her or obvious to an ordinarily intelligent person, and either were known or, in the exercise of reasonable care, should have been known to the defendant. *Marston* v. *Reynolds*, 211 Mass. 590, 592. *Sleeper* v. *Park*, 232 Mass. 292, 295. *Fulton* v. *Edison Electric Illuminating Co. of Boston*, 303 Mass. 258, 263, and cases cited. It was for the jury to determine in the circumstances disclosed whether the duty owed to this plaintiff had been violated. We need not consider whether the door knob itself was in a defective condition. See *Walker* v. *Benz Kid Co.* 279 Mass. 533, 538; *Shipp* v. *Boston & Maine Railroad*, 283 Mass. 266. It is not necessary to render the defendant liable that it should have been able to foresee the precise manner in which the accident happened. It is enough if injury to the plaintiff was reasonably to be apprehended as a result of the defendant's negligent conduct, and this was a question for the jury. *Palmer* v. *Andover*, 2 Cush. 600. *Hollidge* v. *Duncan*, 199 Mass. 121, 124. *Galli* v. *Drapeau*, 216 Mass. 144. *Burke* v. *Hodge*, 217 Mass. 182. *Leahy* v. *Standard Oil Co. of New York*, 224 Mass. 352. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 403, 404. *Teasdale* v. *Beacon Oil Co.* 266 Mass. 25. *Leveillee* v. *Wright*, 300 Mass. 382, 388-389. The case is distinguishable from *McDougall* v. *Boston*, 134 Mass. 149; *Gibson* v. *International Trust Co.* 186 Mass. 454; *Farrell* v. *B. F. Sturtevant Co.* 194 Mass. 431; *Fielding* v. *S. Z. Poli Realty Co.* 274 Mass. 20; *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196; *Davis* v. *Bean*, 298 Mass. 135.

There was no error in the submission of the case to the jury, and, in accordance with the stipulation, judgment is to be entered for the plaintiff on the verdict.

*So ordered.*