**EASTERN RENOVATING COR-PORATION**

v.

**Martin J. FORHAN, Defendant,**

and

**The Roman Catholic Bishop of Springfield, Defendant-Third-Party Plaintiff,**

v.

**Joseph D. ZALESKI, Third-Party Defendant.**

**EASTERN RENOVATING COR-PORATION**

v.

**Fabian ZATOR, Defendant,**

and

**The Roman Catholic Bishop of Springfield, Defendant-Third-Party Plaintiff,**

v.

**Joseph D. ZALESKI, Third-Party Defendant.**

**Civ. A. Nos. 72–1718–C, 73–460–T.**

United States District Court, D. Massachusetts.

March 21, 1975.

Edward L. Richmond, Richmond, Kassler & Feinberg, Boston, Mass., for plaintiff and third-party defendant.

John Michael Harrington, William G. Meserve, Ropes & Gray, Boston, Mass., for defendants.

## MEMORANDUM and ORDER

CAFFREY, Chief Judge.

This matter came before the Court on the basis of motions for summary judgment filed by defendants in these civil actions which were consolidated for purposes of pretrial discovery. Plaintiff, a Connecticut corporation engaged in the repair of buildings, brought actions of contract against the named defendants in both cases, seeking to recover for repair work done on certain churches in the Roman Catholic Diocese of Springfield, Massachusetts. The defendants counterclaimed for funds already paid to plaintiff and its principal officer.

The motions for summary judgment are based on the fact, established by affidavit and not denied by plaintiff, that Joseph D. Zaleski, president and treasurer, and sole stockholder of plaintiff corporation, was aware of the fact that the Bishop of Springfield had placed a $1,000 limitation on the authority of the Pastors with whom plaintiff made contracts for church repairs. Plaintiff seeks to avoid its knowledge of this limitation with the contention that it had reasonable grounds to believe that the $1,000 limitation on a Pastor's authority to make a contract on behalf of the Bishop, which it learned of in 1964, was no longer operative in 1972 when these contracts were entered into.

■■ The parties are in agreement that the Bishop of the Diocese of Springfield, a corporation sole, owns, operates and administers both of the churches, repairs to which are involved herein. In Massachusetts the law is settled that "one who deals with an agent with knowledge of his limited powers does so at his peril." McCarthy v. Parker, 243 Mass. 465, 468, 138 N.E. 8, 9 (1923). Cf. Cauman v. American Credit Indemnity Co., 229 Mass. 278, 283, 118 N.E. 259 (1918), and Restatement (2nd) of Agency, § 166. It is also settled Massachusetts law that "the authority of an agent is a question of fact, 'the answer to which depends upon the inferences to be drawn from a variety of circumstances relating to the conduct of the apparent agent, and whether the circumstances are such as to warrant persons dealing with him, in the exercise of reasonable prudence and discretion, to believe he has authority to represent the alleged principal in regard to the transaction in question.'" Costonis v. Medford Housing Authority, 343 Mass. 108, 113, 176 N.E.2d 25, 28 (1961) quoting Lord v. Lowell Institution for Savings, 304 Mass. 212, 214, 23 N.E.2d 101 (1939). See Holdam v. Middlesex Supply, Inc., 355 F.2d 122, 124 (1 Cir.

1966); Baldwin's Steel Erection Co., Inc. v. Champy Construction Co., Inc., 353 Mass. 711, 715, 234 N.E.2d 763 (1968).

Research has not discovered a Massachusetts case imposing an absolute duty on one dealing with an apparent agent to investigate the durational extent of a known limitation on the authority of the apparent agent. However, such a duty is imposed by Restatement (2nd) of Agency, § 182.

I rule that although defendants have established that plaintiff knew, in 1964, of the limitation of $1,000 on the authority of a Pastor to bind the Bishop, there is a faint question of fact as to whether or not plaintiff is chargeable with knowledge that that limitation continued in force and effect through the year 1972 when the contracts in issue herein were entered into.

Having in mind the policy of this Circuit of resolving all doubts in favor of the existence of an issue of material fact, as announced in Colourpicture Publishers, Inc. v. Mike Roberts Color Productions, 394 F.2d 431 (1 Cir. 1968), cert. den., 393 U.S. 848, 89 S.Ct. 134, 21 L.Ed.2d 118 (1968), it is

Ordered: The motions for summary judgment are denied.