Lenk, J.
INTRODUCTION
Plaintiffs, Robyn and Per Johansen, brought this negligence and deceit action against defendants, Budget Rent A Car Systems, Inc. (“Budget Systems”), Budget Rent A Car Corp. (“Budget Corporation”), Budget Rent a Car International, Inc. (“Budget International”), and John Doe, for injuries they suffered in an automobile accident in Grenada, West Indies, on April 2, 1992. Plaintiffs argue that their injuries resulted from their reliance on defendants’ deceitful conduct and the negligent driving of defendants’ agent.
This case is now before the court on defendants’ separate motions for summary judgment. In addition to Budget Corporation and Budget International’s assertion that this court lacks personal jurisdiction over them, all three defendants advance two arguments in support of their motions. First, defendants argue that the driver of the automobile was an employee of Munro Rent a Car (“Munro”), an independent licensee of Budget International. Thus, defendants assert, they are not vicariously liable because they did not own, possess, or control the vehicle, the driver, or Munro. Secondly, defendants contend that plaintiffs’ claim for deceit must fail because plaintiffs cannot prove reliance on defendants’ alleged misrepresentations. For th'e reasons set forth below this court denies defendants’ motions.
BACKGROUND
The summary judgement record, when considered in the light most favorable to plaintiffs as the nonmoving parties, indicates the following:
I. Transactional Facts
On April 2, 1992, plaintiffs were seriously injured in an automobile accident in Grenada, West Indies. Plaintiffs, who were residents of Massachusetts, were vacationing in Grenada at the time of the accident. The accident occurred while an employee of Munro, an independent licensee of Budget International, was transporting plaintiffs from the rental car facility to their hotel after plaintiffs had returned their rental car. The employee crashed into the rear end of a parked car. Advertisements used by Budget International in Caribbean countries featured the “Budget Car Rental” logo and advertised “Free customer pick-up and drop off.”
Plaintiff Per Johansen had previously rented automobiles from Budget entities in the United States. Relying on the advertising, marketing, trademark, and shared reservation system of the various Budget entities, as well as the quality of service associated with the name “Budget,” plaintiffs reserved a Budget rental car at Munro before travelling to Grenada. Upon arriving in Grenada in March 1992, plaintiffs went to the Budget Rent-A-Car facility bearing the Budget Rent-a-Car logo at the Salines Airport to pick up their car. Plaintiff Per Johansen, signed a two-page rental contract. In the upper left hand corner of the rental contract appear the words “Budget Rent A Car” and “Sears Rent A Car.” The letters of the word “Budget” were the largest and darkest letters in the rental contract. Located approximately one-half inch below the larger letters appeared the phrase “an independent Budget system licensee rental agreement” in smaller letters. The words “Munro Rent A Car,” however, appear nowhere on the rental contract.
II. Relationships of the Various Business Entities
Defendant Budget Corporation is a Delaware corporation. It owns the Budget trademark. Defendant Budget Systems is a wholly-owned subsidiary of Budget Corporation which is authorized to own and operate locations for renting vehicles within the United States. It also created the operations manual that governed the daily activities of Munro in Grenada.
Budget International is also a wholly-owned subsidiary of Budget Corporation that is authorized through its license agreement with Budget Corporation to sublicense the use of Budget Rent-A-Car trademarks to independent vehicle rental locations outside of the United States, Canada, and Puerto Rico.
The two subsidiaries, Budget International and Budget Systems, had identical directors and a substantial overlap of corporate officers. Likewise, two of Budget Systems’ four directors were also directors of its parent, Budget Corporation, and the other two directors were also corporate officers of both Budget Systems and Budget Corporation. Budget International and Budget Corporation also had a significant overlap of directors and officers.
There is no written agreement reflecting the relationship between Budget Corporation and its wholly-owned subsidiary Budget Systems. Many of the corporate officers perform the same job for each of the three defendants. In particular, all overlapping officers perform the same jobs for both Budget Systems and its parent Budget Corporation. The deposition of one of the corporate officers indicates that many of the overlapping officers do not keep separate time sheets documenting the allocation of their work. Finally, although Budget Corporation uses the Budget trademark for the benefit of Budget Systems, it is not clear that documents exist addressing royalty payments between Budget Systems and Budget Corporation.
Munro is a Grenada proprietorship. In October 1989, Munro entered into a licensing agreement with Budget International. The license agreement authorizes Munro to be the exclusive lessor of rental vehicles *591 under Budget trademarks on the Island of Grenada. The license agreement also provides that Budget International will visit Munro at least two times a year to give assistance and training regarding “general operating procedures” (para. 3.03). Chapter X of the license agreement requires Munro to participate in Budget Rent-A-Car advertising and promotions. Additionally, the license agreement contains a choice of law clause governing any disputes between Budget International and Munro. In pertinent part the clause states that “in order to effect uniform interpretation of all BUDGET INTERNATIONAL License Agreements, it shall be governed and construed under and in accordance with the laws of the State of Illinois . . .” (para. 15.07). Defendants do not own any of Munro’s stock.
DISCUSSION
I. Summary Judgment Standard
A court grants summary judgment where there are no genuine issues of material fact and where the facts entitle the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the facts entitle the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson v. Time. Inc., supra, at 17. “(T]he opposing party cannot rest on [its] pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
A. Personal Jurisdiction
Defendants Budget Corporation and its subsidiary Budget International contend that this court lacks jurisdiction because they do not do business in Massachusetts and because they do not have significant contacts with Massachusetts.[3] When a defendant alleges that a court lacks personal jurisdiction, “plaintiff has the burden of establishing facts [showing] that the ground relied on under G.L.c. 223A, §3 is present.” Tatro v. Manor Care Inc., 416 Mass. 763, 765 (1994).
Plaintiffs argue that Budget Corporation and Budget International have purposefully availed themselves of the benefits of Massachusetts’ economy by advertising and soliciting business within the Commonwealth. Plaintiffs insist that defendants’ advertising and marketing in Massachusetts caused plaintiffs to rent the automobile from Munro. Plaintiffs also assert that the intermingling of the corporate officers and directors of Budget Corporation with its subsidiaries Budget International and Budget Systems, as well as their failure to maintain independent corporate identities justifies this court in concluding that it has personal jurisdiction over Budget Corporation and Budget International. In particular, plaintiffs contend that because of the blurred distinctions between the management of Budget Corporation, Budget International, and Budget Systems, all three entities were engaged in the conduct of business within the Commonwealth.
Although plaintiffs do not explicitly refer to G.L.c. 223A, their arguments implicitly invoke the “transacting any business” clause of G.L.c. 223A, §3. A court must broadly construe the “transacting any business” clause. Tatro u. Manor Care, Inc., supra, at 767. Here, plaintiffs claim that two factors establish that defendants transacted business in Massachusetts: Defendants’ advertising and the involvement of Budget Corporation and Budget International officers and directors in the management of Budget Systems’ activities.
As noted above plaintiffs relied on defendants’ advertising in Massachusetts. The deposition of John Marion indicates that the intention of the advertising in Massachusetts was to encourage people to rent from Budget entities around the world. Massachusetts courts have held that “transacting business” exists when defendants send advertising information into Massachusetts with the intention of soliciting business. Morse v. Walt Disney World Co., 657 F.Supp. 42, 43 (D.Mass. 1987); Gunner v. ElmwoodDodge, Inc., 24 Mass.App.Ct. 96, 100 (1987). Here, the facts indicate that defendants’ advertisements in Massachusetts were intended to encourage Massachusetts residents to rent automobiles from Budget entities around the world. This is exactly what plaintiffs did. Thus, defendants have “transacted business” in Massachusetts. This court now turns to plaintiffs second basis for concluding that defendants transacted business in Massachusetts.
In Klinerman v. Morse, 26 Mass.App.Ct. 819, 823 (1989), the Appeals Court noted that the “significant exercise of control by an out-of-State [sic] parent corporation over a subsidiary and significant intermingling of officers and directors between parent and subsidiary have served to establish jurisdiction in the State [sic] where the subsidiary is conducting its business operations.” Id., citing Willis v. American Permac Inc., 541 F.Supp. 118, 122 (D.Mass. 1982). The court held that “(r]unning the operations of a subsidiary in Massachusetts constitutes a breadth of *592 business activity that necessarily involves exercise of the privilege of conducting business here.” Id.
In the present case, plaintiffs have presented facts showing that Budget Systems is a wholly-owned subsidiary of Budget Corporation and that every director and officer of Budget Systems is also an officer or director of Budget Corporation. Plaintiffs also presented the depositions of Sheri Young and John Marion which indicate that management of Budget Corporation and Budget Systems is intermingled. Applying the standards set forth in Tatro and Klinerman, this court finds that there is a significant intermingling of officers and directors who exercise significant control of Budget Systems. Thus, for the purposes of G.L.c. 223A, §3, Budget Corporation transacts business in Massachusetts.
Although not the parent corporation of Budget Systems, this court finds that the Klinerman rationale also justifies bringing Budget International within the grasp of G.L.c. 223A, §3. Budget International and Budget Systems shared identical boards of directors and a substantial number of corporate officers. Additionally, as noted above, the facts before the court indicate that Budget International and Budget Systems were jointly managed by the same directors and officers. Therefore, both Budget Corporation and its subsidiary Budget International transact business within Massachusetts for the purposes of G.L.c. 223A, §3.
General Laws c. 223A, §3(a), also requires that it be shown that plaintiffs’ injuries “arise from” Budget Corporation’s and Budget International’s transaction of business in Massachusetts. Tatro v. Manor Care, Inc., supra, at 767. In Tatro, the Supreme Judicial Court adopted a “but for” test to determine if plaintiffs injuries arose from defendant’s transaction of business in Massachusetts. Id. at 771. Here, this court concludes that plaintiffs’ injuries “arise from” Budget Corporation’s and Budget International’s transaction of business in Massachusetts. But for defendants’ advertising, marketing, and involvement in the management of Budget Systems in Massachusetts, plaintiffs may not have rented a car from Munro.
After determining that defendants’ conduct satisfies one of the statutory bases of jurisdiction under G.L.c. 223A, §3, the court must then decide whether the exercise of jurisdiction would satisfy the Due Process Clause of the Fourteenth Amendment. Tatro v. Manor Care, Inc., supra, at 767. Jurisdiction is proper if defendants had minimum contacts with the forum state, such that “the assertion of jurisdiction over [defendants would] not offend ‘traditional notions of fair play and substantial justice.’ ” Id. at 772, quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). “In practical terms, this means that an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiffs chosen forum, the forum State’s interest in adjudicating the dispute, and the plaintiffs interest in obtaining relief.” Tatro v. Manor Care, Inc., supra, at 773.
In the present case, as in Tatro, given defendants’ regular solicitation of business in Massachusetts, “it is reasonable to conclude that defendants ‘invoked the benefits and protections’ of Massachusetts laws." Hahn u. Vermont Law School, 698 F.2d 48, 51 (1st Cir. 1983). Defendants deliberately drew their customers and reaped concomitant income from Massachusetts. Defendants also have “the resources of a large business, including a legal department, to defend themselves in Massachusetts." Tatro v. Manor Care, Inc., supra. Plaintiffs, however, lack comparable resources. Additionally, requiring plaintiffs to bring their action in Illinois, were defendants maintain their principal places of business, or Grenada might prevent the judicial consideration of their claims. Id, at 773, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) (noting that “the United States Supreme Court has recognized that ‘a State generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors’ ”). Thus, this court concludes that “traditional notions of fair play and substantial justice” are not offended in this case. International Shoe Co. v. Washington, supra. Accordingly, this court possesses personal jurisdiction over defendants.
B. Defendants’ Substantive Arguments
Except for defendant Budget International’s argument that its relationship to Munro should be analyzed under Illinois law, defendants advance identical arguments for summary judgment. Accordingly, this court will first address Budget International’s choice of law argument. The court will then turn to defendants’ arguments concerning negligence and deceit.
1. The Choice of Law Clause
Budget International asserts that the license agreement with Munro presents a choice of law issue. In particular, Budget International insists that the license agreement’s choice of law clause requires that the rights and duties of Munro and Budget International be determined according to Illinois law. Although Budget International may correctly construe the impact of the choice of law clause on the parties to the license agreement, Budget International fails to explain the relevance of the choice of law clause to this case. Here, the dispute is between plaintiffs and Budget International and is not between Munro and Budget International. The terms of the license agreement bind only the parties to that agreement. Plaintiffs were not parties to that agreement, and, therefore, never assented to the choice of law clause. Kirkpatrick v. Boston Mutual Life Insurance Co., 393 Mass. 640, 652 (1985); see also John D. Calamari and Joseph M. Perillo, Contracts, §2-1, at 25 (3 ed. 1987) (noting that *593 an “essential prerequisite to the formation of a contract is ... mutual manifestation of assent to the same terms”). Moreover, nothing in the rental agreement can reasonably be construed to incorporate the terms of the license agreement. Thus, this court finds no reason to apply the law of Illinois to this case.
2. The Negligence Counts
Defendants contend that they are entitled to summary judgment because plaintiffs cannot prove that defendants owed them a duly of care. Defendants note that, at the time of the accident, the person driving the automobile in which plaintiffs were passengers was an employee of Munro. Because Munro is an independent licensee, defendants assert, defendants did not own, possess, or otherwise control the vehicle, the driver or Munro at the time of plaintiffs’ accident. To support this contention, defendants rely on the affidavits of Sheri Young and John Marion.
After reviewing the parties’ affidavits, depositions, interrogatories, and other exhibits, this court does not share defendants’ view concerning the clarity of the record. Assuming arguendo, however, that defendants did meet their initial burden of showing “that [plaintiffs] had no reasonable expectation of proving an essential element of [their] case,” Kourouvacilis v. General Motors Corp., supra, plaintiffs have satisfied their burden under Rule 56 by pointing to specific facts which demonstrate that there are genuine issues of material fact in dispute. Pederson v. Time, Inc., supra, at 17.
Plaintiffs argue that genuine issues of disputed material fact exist concerning the apparent authority of Munro. If plaintiffs changed their position in reasonable reliance on Munro’s apparent authority to act as an agent on behalf of defendants as its principals, defendants would be “estopped from denying that the agency is authorized.” Donald R. Simpson and Harold J. Alperin, Summary of Basic Law, §35, at 6 (1991 Supp.), citing Hudson v. Massachusetts Property Insurance Underwriting Association, 386 Mass. 450 (1982).
To support its argument that apparent authority existed, plaintiffs point to the depositions of Sheri Young, Assistant Secretary for Budget Corporation, and particularly John Marion, Vice President and General Manager of Budget International’s Latin America and Caribbean divisions. The depositions of Marion and Young conflict with their affidavits. For example, the affidavits of Marion and Young, submitted on behalf of defendants, state that defendants are distinct and separate legal entities. The affidavits also state that defendants did not control nor did they participate in the management of Munro or its employees. The deposition of Marion, however, indicates that the functioning of defendants and Munro were closely interrelated. Marion’s deposition states that licensees like Munro are part of a broad-based interrelated system. Marion’s deposition analogized Budget International’s relationship with its licensees as being similar to links in a chain. To insure a uniform standard of performance and to protect against weak links, Marion’s deposition continues, Budget International visited Munro approximately every six months to review its operating procedures. Marion’s deposition again notes that the goal of this review procedure was to maintain the value of the name “Budget” and to ensure that the public would continue to rely on its services. This court believes that facts such as these are sufficient to raise questions concerning the apparent authority of Munro to act as an agent for defendants. “The test for apparent authority is how the person dealing with the agent reasonably interprets the agent’s authority.” Greenstein v. Flatley, 19 Mass.App.Ct. 351, 355 (1985), citing Kanavos v. Hancock Bank & Trust Co., 14 Mass.App.Ct. 326, 331-32 (1982), and Restatement (Second) of Agency, §§8, 27 & 49 (1957). Apparent authority is a question of fact that “ ‘depends upon the inference to be drawn from a variety of circumstances’ relating to [a party’s] conduct and ‘whether the circumstances are such as to warrant’ the plaintiff, ‘in the exercise of reasonable prudence and discretion to believe’ ” that the agent had the authority to bind the principal. Hardy v. Baran, 11 Mass.App.Ct. 82, 85 (1980), quoting Lord v. Lowell Institution for Savings, 304 Mass. 214 (1903). Because the existence of apparent authority is a question of fact, it is an issue for the jury to decide. Lord v. Lowell Institution for Savings, supra.
Restatement (Second) of Agency §8 Comment b (1958), states that a principal’s communication with a third party through advertisements and signs is sufficient to create apparent authority.[4] Additionally, in determining whether apparent authority exists, §8, Comment d, states that “(a]pparent authority is based upon the principle which has led to the objective theory of contracts, namely, that in contractual relations one should ordinarily be bound by what he says rather than what he intends.” Here, this court finds that the rental agreement’s wording, the content of the various advertisements, the signs which Munro was contractually required to display, the requirements imposed upon Munro by the operation manual, and the depositions of Sheri Young and John Marion which indicate that Budget International exercised management oversight of Munro and its operations and which also indicate that defendants did not maintain separate corporate identities, create triable issues concerning the existence of principal-agent relationships between defendants and Munro.
Where an agency relationship exists, the principal becomes liable for the tortious acts of the agent committed while the agent was acting for the benefit of the principal. Douglas v. Holyoke Machines Co., 233 Mass. 573, 576 (1919). Thus, if plaintiffs can show at trial that Munro had apparent authority to bind defendants as principals it would follow that defendants owed *594 plaintiffs a duty of care. See Donald R. Simpson and Howard J. Alperin, Summary of Basic Law, §40, at 45-47 (1974).
3. The Deceit Counts
Defendants contend that plaintiffs cannot show that defendants misrepresented that Munro was an agent of defendants. Additionally, defendants contend that even if any misrepresentation had been made, plaintiffs cannot show reliance thereon. See Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (8991) (stating that to sustain a claim for deceit “a plaintiff must show a false statement of a material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiffs detriment”); See Joseph R. Nolan and Laurie J. Sartorio, Tort Law, §145, at 251 (1989) (discussing reasonable reliance). In the instant case, defendants point to no materials described in Mass.R.Civ.P. 56(c) that would show that plaintiffs have “no reasonable expectation of proving an essential element of [their] case ...” Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992). Although Budget Systems points to the affidavit of Sheri Young, her affidavit is only relevant to the issue of whether an agency relationship existed between Munro and Budget Systems. Defendants’ arguments concerning the deceit counts, therefore, were premised on the court’s concluding that there are no disputes of material fact concerning the existence of an agency relationship between defendants and Munro. Because this court concludes, to the contrary, that genuine issues of material fact do exist concerning the apparent authority of Munro and because defendants do not meet their initial burden of “affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue . . .’’ G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991), quoting Pederson v. Time, Inc., supra, at 17, defendants’ motions for summary judgment as to the deceit counts must fail.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motions for summary judgment of defendants Budget Corporation, Budget International, and Budget Systems are DENIED.

Budget Systems does not challenge this court’s personal jurisdiction over it.

In particular see Restatement (Second) of Agency §8, Comment b.. Illustration 6 (1958), which sets forth an illustration that is similar to this case.