WILLIAM P. DIMITROULEAS, United States District Judge
THIS CAUSE is before the Court upon Defendant Fitness & Sports Clubs, LLC's ("Defendant" or "LA Fitness")'s Motion to Compel Arbitration [DE 21] (the "Motion"). The Court has carefully considered the Motion, Plaintiff Shawn Cheshire ("Plaintiff" or "Cheshire")'s Opposition [DE 24], Defendant's Reply [DE 25], and the record in this case. The Court held oral argument on the Motion on June 14, 2019. The Court is otherwise fully advised in the premises. For the reasons stated herein, the Court will grant the Motion to Compel Arbitration.
I. BACKGROUND
On August 15, 2018, Plaintiff commenced this action against Defendant for noncompliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1281 et seq. , and the ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36. Plaintiff alleges that Defendant violated the ADA and ADAAG through its failure and refusal to adequately enforce its existing policies and procedures, as well as its failure to implement appropriate new policies, procedures, and auxiliary aids for the visually impaired. Thus, Plaintiff alleges Defendant has prohibited her from safe and independent use of Defendant's facilities and has excluded her from the benefits and services offered by Defendant. [DE 1].
Plaintiff's claims relate to her membership at LA Fitness, which is governed by a Membership Agreement ("Agreement") containing written terms and conditions, including an arbitration provision. The Agreement was signed electronically by Gregory Anderson ("Anderson"), Plaintiff's significant other, while Plaintiff was present. It is undisputed that, after signing, Anderson received a hard copy of the document. [DE 24-5] at ¶¶ 12, 14.
Defendant now moves to enforce the arbitration provision and compel arbitration, arguing that Plaintiff manifested her assent by allowing Anderson to sign the Agreement on her behalf. In response, Plaintiff argues that (1) she did not unambiguously manifest her assent to the *1332 Agreement and did not authorize Anderson to act as her agent, therefore making the contract as a whole invalid; (2) she did not have sufficient notice of waiver of the right to proceed in a judicial forum, thus making enforcement of the arbitration provision unconscionable; and (3) Defendant waived any right to arbitrate by acting inconsistently with the right to arbitrate.
II. LEGAL STANDARD
The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. , places an agreement to arbitration on equal footing with all other contracts and reflects a "liberal federal policy favoring arbitration." CompuCredit Corp. v. Greenwood , 565 U.S. 95, 98, 132 S.Ct. 665, 181 L.Ed.2d 586 (2012) (internal quotations & citations omitted). Section 2 of the FAA provides that written arbitration agreements in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Consistent with the FAA's text, courts must rigorously enforce arbitration agreements according to their terms." Walthour v. Chipio Windshield Repair, LLC , 745 F.3d 1326, 1329-30 (11th Cir. 2014) (internal quotations & citations omitted). Section 4 of the FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement or arbitration" to request the court to order arbitration "in the manner provided for in such agreement." 9 U.S.C. § 4. Section 3 mandates that when a court concludes an issue is "referable to arbitration under an agreement in writing for such arbitration" the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.
The determination of whether a dispute is arbitrable under the FAA consists of two prongs: "(1) whether the parties agreed to arbitrate the dispute," and (2) "whether 'legal constraints external to the parties' agreement foreclosed arbitration.' " Klay v. All Defendants , 389 F.3d 1191, 1200 (11th Cir. 2004) (citation omitted). The second step concerns whether "Congress has clearly expressed an intention to preclude arbitration of [a] statutory claim." Davis v. S. Energy Homes, Inc. , 305 F.3d 1268, 1273 (11th Cir. 2002).
An arbitration agreement governed by the FAA, like the Agreement here, is presumed to be valid and enforceable. See Paladino v. Avnet Computer Technologies, Inc. , 134 F.3d 1054, 1057 (11th Cir. 1998) ("The FAA creates a presumption in favor of arbitrability."); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 25 at 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Furthermore, the party resisting arbitration bears the burden of showing that the arbitration provision is invalid or does not encompass the claims at issue. Green Tree Fin. Corp.-Ala. v. Randolph , 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). The Court considers a motion to compel under a summary judgment-like standard and may decide the motion as a matter of law where there is no genuine dispute of fact. Bazemore v. Jefferson Capital Sys., LLC , 827 F.3d 1325, 1333 (11th Cir. 2016). A dispute is not "genuine" if unsupported by the evidence; "conclusory allegations without specific supporting facts have no probative value." Id.
III. DISCUSSION
Defendant moves to compel Plaintiff to arbitrate her claims. Defendant's *1333 Motion is supported by declarations and exhibits, including a copy of the actual Membership Agreement signed and initialed by Anderson. In response, Plaintiff does not dispute that Anderson received a hard copy of the Agreement nor that she used Defendant's facilities. Instead, Plaintiff argues that she did not manifest her assent to the Agreement because Anderson was not authorized to sign a membership agreement on her behalf, and she believed the agreement to be for recurring purchase fees only and not a membership. Further, Plaintiff argues that Defendant waived its right to enforce the arbitration provision through participation in litigation.
Whether apparent authority exists depends on a third party's reasonable belief that "a particular person...has authority to enter into negotiations or to make representations to his agent" based on conduct by the principal. Lowell Hous. Auth. v. PSC Int'l, Inc. , 692 F.Supp.2d 180, 190 (D. Mass. 2010) (quoting Hudson v. Mass. Prop. Ins. Underwriting Ass'n , 386 Mass. 450, 436 N.E.2d 155 (1982).). Here, viewing the facts in the light most favorable to Plaintiff, the Court concludes that it was reasonable for Defendant's employee to assume Anderson's apparent agency and authorization to sign the Membership Agreement on Plaintiff's behalf.
Plaintiff stated that she was at LA Fitness to process her membership, but that she was never specifically asked to sign a membership agreement. Plaintiff and Anderson both stated that Anderson was present to pay for Plaintiff's membership by having the recurring fees charged to his card, and also to walk Plaintiff through her workout. They did not verbally or through writing request or inform Defendant's employee that Anderson was going to sign any documents on Plaintiff's behalf or that Anderson was authorized to represent Plaintiff.[1] Rather, they demonstrated this assent through their actions. Plaintiff asked to join LA Fitness and stated that Anderson, who accompanied her, would be paying for her membership.[2] Anderson stated and held out that his role was that of payor for the membership. Defendant's employee observed that Plaintiff allowed Anderson to sign and initial, in her presence, his own name and initials in the membership contract. Anderson initialed the arbitration provision itself. After Anderson signed the contract, Defendant gave him a hard copy of the document.
Upon drawing inferences from the circumstances, the LA Fitness employee could have reasonably believed Anderson had the "authority to represent the alleged principal [ (Plaintiff) ] in regard to the transaction in question." Id. at 190-191 (D. Mass. 2010) (quoting Lord v. Lowell Inst. for Savings, 304 Mass. 212, 214, 23 N.E.2d 101 (1939).). Further, the nature of a gym and a gym membership would have reasonably put Plaintiff on notice that a document related to such a membership would include provisions such as an arbitration provision. Nat'l Fed'n of the Blind v. Container Store, Inc. , 904 F.3d 70 (1st Cir. 2018) (holding that if a contract is of a nature where such terms are expected, a plaintiff may be charged with constructive notice of the clause's existence). Plaintiff failed to have the contract read to her by either Anderson or assistive technology.
*1334 Plaintiff's argument that Defendant has waived its right to arbitrate through participation in litigation is also unavailing based on the amount and type of participation that occurred in this case. Waiver occurs when both: (1) the party seeking arbitration "substantially participates in litigation to a point inconsistent with an intent to arbitrate"; and (2) "this participation results in prejudice to the opposing party." Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg) , 62 F.3d 1356, 1366 (11th Cir. 1995). See E.C. Ernst, Inc. v. Manhattan Constr. Co. , 559 F.2d 268, 269 (5th Cir. 1977), cert. denied , 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978) ("Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate."). Examples of active participation that is "inconsistent with the right to compel arbitration" includes "filing a lawsuit, filing an answer that does not assert the right to arbitrate, moving for summary judgment, or conducting discovery." Truly Nolen of Am., Inc. v. King Cole Condo. Ass'n, Inc. , 143 So. 3d 1015, 1017 (Fla. Dist. Ct. App. 2014). Delay alone in compelling arbitration, without any resulting prejudice, is insufficient to establish waiver of the right to arbitrate. See Grigsby & Assocs., Inc. v. M Sec. Inv. , 635 Fed. Appx. 728 (11th Cir. 2015) ; Hodgson v. Royal Caribbean Cruises, Ltd. , 706 F. Supp. 2d 1248, 1257-58 (S.D. Fla. 2009).
Here, Defendant did not participate in litigation "to a point inconsistent with an intent to arbitrate," and did not prejudice Plaintiff through such participation. Morewitz , 62 F.3d at 1366. Defendant filed an Answer that asserted its right to arbitrate on November 15, 2018 [DE 14], requested information regarding Plaintiff's membership, filed the instant Motion to Compel Arbitration on March 12, 2019, and responded to Plaintiff's interrogatories on March 21, 2019 [DE 24-2]. Additionally, Plaintiff does not demonstrate how she was prejudiced in any way by the participation. Defendant raised the issue of arbitration early in the process, and continued to raise it in email communications before filing its Motion. [DE 24-4]. "Defendant cannot be said to have litigated to a point inconsistent with an intent to arbitrate," and Plaintiff has not shown how she was prejudiced. See Hodgson , 706 F. Supp. 2d at 1257-58 (quoting Morewitz , 62 F.3d at 1366 ). Therefore, Defendant did not waive its right to arbitrate.
IV. CONCLUSION
For the foregoing reasons, it is hereby ORDERED AND ADJUDGED as follows:
1. Defendant's Motion to Compel Arbitration [DE 21] is GRANTED .
2. This case is STAYED pending the completion of the arbitration proceedings.
3. The Clerk is directed to CLOSE this case for administrative purposes and DENY any pending motions as moot.
4. The parties shall file joint status reports as to the status of the arbitration on or before September 17, 2019 and every ninety (90) days thereafter.
DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of June, 2019.

Although no verbal or written indication of Anderson's agency was given to the LA Fitness employee, such is not required under the doctrine of apparent agency. See Lowell Hous. Auth. v. PSC Int'l, Inc. , 692 F.Supp.2d 180, 190 (D. Mass. 2010).

Plaintiff had standing to be responsible for what she paid for, namely the Membership Agreement, as she not only utilized Defendant's facilities, but also intends to continue use of these facilities and remain a member. [DE. 1] at ¶ 10.